[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE SPECIAL DEFENSES
This is a two-count complaint against Ruggiero and his attorneys, the Swerdloffs, which appears to sound in civil conspiracy and intentional infliction of emotional distress involving four checks issued by the plaintiff, a letter written by Mark Swerdloff and plaintiff's subsequent arrest by warrant.
The Swerdloffs filed and answer on April 26, 1991, and asserted four special defenses. The first special defense states that defendant Mark Swerdloff reasonably believed that the check referred to in his letter was of the same nature as four checks shown to him by his client, Ruggiero, all of which were issued by plaintiff to Ruggiero's wife and were returned for insufficient funds.
The second special defense states that plaintiff was arrested as a result of a warrant issued upon finding probable cause based solely on the affidavit of Ruggiero, and not on any acts or statements of the defendant Mark Swerdloff.
The third special defense states that any expenses or damages claimed by plaintiff resulted from her arrest relating to the four checks.
The fourth special defense states that defendant Mark Swerdloff issued the letter in a good faith effort to represent his client, Ruggiero, based upon information provided by the client.
Plaintiff has moved to strike all four of defendants Swerdloffs' special defenses on various grounds: CT Page 8107
As to the first special defense, plaintiff asserts that the Swerdloffs fail to designate the cause of action it refers to; that they improperly refer to four checks which are not facts in issue, that plaintiff never issued any other checks; that all of the checks aforementioned were stolen by Ruggiero; that the defense is unclear.
As to the second special defense, that the defense fails to specify the cause of action it refers to; that it is unclear; and that it raises factual issues outside the pleadings.
As to the third special defense, that it too fails to designate the cause of action it refers to, and relies on facts which do not appear in the complaint.
As to the fourth special defense, that it also fails to designate the cause of action referred to; and that it is inconsistent with the first special defense.
The purpose of a special defense is to plead facts which are consistent with the allegations of the complaint but shows notwithstanding, that the plaintiff has no cause of action. Practice Book 164; Pawlenski v. Allstate Ins. Co.,165 Conn. 1, 7. Commissioner of Environmental Protection v. National Can Corp, 5 CSCR 173 (February 9, 1990), Corrigan, J.).
In all four of their special defenses, the Swerdloffs allege that their acts were based upon reasonably believing the information obtained by their client; that they acted in good faith in a representative capacity on behalf of their client; and that there is no causal connection between plaintiff's arrest and resulting alleged damages.
Such defenses appear to directly address plaintiff's claims of civil conspiracy and intentional infliction of emotional distress. With respect to the claim of civil conspiracy, they may negate one or more of the elements by admitting the alleged acts, but arguing that they were not done for conspiratorial or criminal purpose.
With respect to the claim intentional infliction of emotional distress, they may negate all essential element of this cause of action by admitting their acts, but alleging facts which demonstrate that their acts were not the cause of plaintiff's distress.
Plaintiff's motion to strike all four special defenses is denied. CT Page 8108
WAGNER, J.