[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
MOTION TO STRIKE (NO. 113)
On December 8, 1992, the plaintiff, Wilton Crest Condominium Association, Inc., filed a complaint against the defendants, Mark Stern and Karen Stern seeking to foreclose upon its common charge lien pursuant to statute. In its complaint, the plaintiff alleges that is empowered to and does levy common expense assessments against all units in the condominium. The plaintiff also alleges that it levied such a charge against the defendants' unit, a/k/a Unit #45. The plaintiff claims that the defendants failed to pay the assessments due from June 1991 to the present. As a result of the defendants' failure to pay the common charges, the plaintiff has brought this action to foreclose upon its statutory common charge lien.
On December 21, 1992, the defendants filed special defenses and a counterclaim. In their first special defense, the defendants allege that the plaintiff failed to provide services. In their second special defense, the defendants claim that the plaintiff and its directors breached their fiduciary duty owed to the defendants as well as the other condominium unit owners. In their third special defense, the defendants contend that the plaintiff and its directors have breached the covenants contained in the condominium rules and regulations governing the maintenance of the subject property. The defendants group their fourth special defense with the first count of their counterclaim and allege that the conduct alleged in the first, second, and third special defenses constitutes a violation of the Connecticut Unfair Trade Practices Act (hereinafter "CUTPA").
On March 26, 1993, the plaintiff filed this motion to strike together with a memorandum of law in support of its motion. CT Page 7261 The plaintiff bases its motion to strike on the ground that the defendants' special defenses and counterclaim are legally insufficient because such special defenses and counterclaims are not valid in a foreclosure action. On or about April 26, 1993, the defendants filed an objection to the plaintiff's motion to strike together with a memorandum of law in support of their objection.
The purpose of the motion to strike "is to test the legal sufficiency of a pleading. Practice Book, 1978, 152 . . ." (Citation omitted.) Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). Moreover, a motion to strike is properly used to challenge the legal sufficiency of an answer, special defense, or counterclaim. Practice Book 152(5). All well pleaded facts in a contested pleading are deemed admitted for the purposes of a motion to strike, and should be construed in a light most favorable to the non-moving party. Rowe v. Godou,209 Conn. 273, 278, 550 A.2d 1073 (1988). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them; and if facts provable under the allegations would support . . . a cause of action, the . . . [motion to strike] must fail.'" (Citations omitted.) Ferryman v. Groton, supra 142. Therefore, the court must construe the defense or counterclaim "in the manner most favorable to sustaining its legal sufficiency." Bouchard v. Peoples' Bank, 219 Conn. 465, 471, 594 A.2d 1 (1991). If the facts provable under the allegations would not support a valid defense, the motion to strike must be granted. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,545, 427 A.2d 752 (1988).
The plaintiff argues that condominium common charge liens must be analyzed in the special context of condominiums. The plaintiff contends that a condominium complex is comprised of individual unit owners who are dependent on each, and the condominium association, for the funding of essential service maintenance, and repairs to the complex. As such, the plaintiff claims that the condominium arrangement is much like a municipality and its citizens. The plaintiff maintains that like a citizen's duty to pay taxes, the unit owner's obligation to pay common charges is absolute. The defendants argue that their special defenses and counterclaims are cognizable because a foreclosure action is an equitable proceeding, and, as such, the trial court may examine all relevant factors to insure that complete justice is done. CT Page 7262
There is currently a split of authority among the judges of the Superior Court regarding the scope of available defenses to a foreclosure action. Historically, the defenses available in a foreclosure action have been limited to payment, discharge, release, satisfaction or invalidity of a lien. Peterson v. Weinstock, 106 Conn. 436, 441, 138 A. 433 (1927). More recently, courts have recognized that "because foreclosure is equitable . . . flexibility is required in certain situation." Hans L. Levi, Inc. v. Kovacs, 5 Conn. L. Rptr. 260, 261 (November 4, 1991, Pickett, J.). However, many courts have recognized various equitable defenses such as mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied convenant of good faith and fair dealing, tenders of deed in lieu of foreclosure, and a refusal to agree to a favorable sale to a third party Citicorp Mortgage Inc. v. Kerzner, 8 CTLR 299 (January 15, 1993, Curran, J.); Home Savings of America, F.A. v. Chiapetta, 8 CTLR 223 (January 12, 1993, Nigro, J.); Hans L. Levi, Inc. v. Kovacs, supra; Bedford Plaza Ltd. Partnership v. Nakhi, 2 Conn. L. Rptr. 841 (June 8, 1990, Flynn J.); Essex Savings Bank v. Firmberger, Superior Court, judicial district of New London Docket No. 512191 (May 1, 1991).
In Anchorage Condominum v. Smith, 12 CLT 841 (October 15, 1986, Schaller, J.), the defendant asserted special defenses and counterclaims alleging that the plaintiff condominium association failed to make repairs, failed to provide services and had violated CUTPA. Id., 842. The court in Anchorage Condominium found that such special defenses were not based on the lien which is the subject of the foreclosure and that the counterclaims did not arise out of the same cause of action as the foreclosure action. In the present action the plaintiff's claims are not based on the lien which is the subject of this foreclosure. They may serve as the bases for an independent action.
Furthermore, under the Common Interest Ownership Act states:
 No unit owner may exempt himself from liability for payment of the common expenses by waiver of the use or enjoyment of any of the common elements or by the abandonment of the unit against which the assessments are CT Page 7263 made, except if every unit owner is so exempted from the payment of all or party of the common expenses.
General Statutes 47-78 (a). "`A statute should be applied as its language directs; Breen v. Department of Liquor, 2 Conn. App. 628,631 (1984); and when a statute is clear and unambiguous, the court should not speculate as to some supposed intention. Dugay v. Hopkins, 191 Conn. 222, 228 (1983) . . . .'" Casagmo Condominium Association, Phase II v. Kaufman, Superior Court judicial district of Danbury, Docket No. 303889 (March 15, 1993.) The Common Interest Ownership Act clearly indicates that unit owners are liable for common charges. General Statutes 47-78 (b); see also Casagmo Condominium Association, Phase II v. Kaufman, supra. Accordingly, as a matter of law a validly levied common charge cannot be the subject of a special defense. Id.; see Anchorage Condominium v. Smith, supra. The defendant's special defenses are not valid and the plaintiff's motion to strike the defendants' special defense is granted.
In their counterclaim the defendants' merely reallege the facts contained in the special defenses and assert a CUTPA claim. The defendants' claim that the plaintiff's conduct in failing to provide service, breaching their fiduciary duty, and failing to comply with the condominium rules regarding maintenance constitutes an unfair trade practice. These allegations simply do not arise out of the same transactions as this foreclosure action, but rather from acts of the condominium association unrelated to the associations's rights to collect common charges and to foreclose upon charges not paid by individual owners under General Statutes 47-244 and47-258. Therefore, the defendants' counterclaim fails and the plaintiff's motion to strike the defendants' counterclaim is granted.
LEHENY, JUDGE