[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#106)
On December 30, 1994, the plaintiff, Willow Springs Condominium Association, Inc., filed a one count complaint against the defendants, Alberto F. Pereira and Cathleen M. Pereira[1], seeking to foreclose upon a condominium common charge lien. The plaintiff's complaint alleges that the plaintiff is empowered to assess common charges of unit owners and lien condominium units to secure delinquent common charges. The plaintiff alleges that the defendants, as owners of unit 292, are under an obligation to pay assessed charges, but have failed to do so. The plaintiff alleges that it has perfected a statutory lien against the defendants' unit to secure payment of delinquent charges and assessments, and it now seeks to foreclose upon this lien.
The defendants filed a three count counterclaim to the plaintiff's complaint. The first count of the counterclaim alleges negligence on the part of the plaintiff in failing to maintain and repair a deck adjacent to their condominium unit, which resulted in the defendant Alberto Pereira falling from the deck and sustaining injuries. The second count alleges that the defendant's breached an agreement to undertake responsibility for the management, repair, supervision and safety of deck areas. The third count alleges loss of consortium on the part of the defendant Cathleen Pereira.
The plaintiff now moves to strike the counterclaim on the grounds that it is legally insufficient because it is not based on the lien that is the subject matter of this foreclosure action. The plaintiff filed a memorandum of law in support of its motion. The defendants timely filed a memorandum of law in opposition.
"The motion to strike, Practice Book, 1978, § 151, replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading."Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). A motion to strike is properly used to challenge the legal sufficiency of a counterclaim. Practice Book Sec. 152. The court must construe the allegations of the counterclaim "in the manner most favorable to sustaining its legal sufficiency." Bouchard v.People's Bank, 219 Conn. 465, 471, 594 A.2d 1 (1991). CT Page 1293
The plaintiff argues that under Connecticut law validly levied common charges constitute independent obligations that are not subject to any claims of set-off, counterclaim or special defense. The plaintiff contends that the defendants' counterclaim does not relate in any way to the underlying lien for unpaid common charges. Instead, the plaintiff argues that the defendants' claims constitute an attempt to setoff their common charges with damage claims unrelated to the lien that is the subject of this foreclosure.
The defendants argue that they have been prevented from paying the common charges as a result of the misconduct of the plaintiff. The cases cited by the plaintiff, the defendants claim, involve distinct factual situations where there were no claims that the parties were prevented from paying the charges as a result of the condominium association's misconduct. The defendants argue that due to the equitable nature of foreclosure proceedings, the court has discretion to withhold foreclosure or reduce the amount of the stated indebtedness.
In a foreclosure action, defenses are generally limited to payment discharge, release, satisfaction or invalidity. ShawmutBank v. Wolfley, 9 C.S.C.R. 216 (January 24, 1994, Dean, J.). A foreclosure action, however, is an equitable proceeding where the trial court may consider all relevant circumstances to ensure that complete justice is done. Reynolds v. Ramos, 188 Conn. 316, 320,449 A.2d 182 (1982); see Hans L. Levi, Inc. v. Kovacs,5 Conn. L. Rptr. 260, 261 (November 4, 1991, Pickett, J.). "Therefore, many courts, exercising their equitable powers, have recognized allegations of mistake, accident, fraud, equitable estoppel, CUTPA, breach of the implied covenant of good faith and fair dealing, laches and the refusal to agree to a favorable sale to a third party as a valid defense to a foreclosure action." NationalMortgage Co. v. McMahon, 9 CSCR 300 (February 18, 1994, Celotto, J.).
Courts have limited these equitable defenses to only those which attack the making, enforcement, or validity of a note or mortgage. National Mortgage Co. v. McMahon, supra, 9 CSCR 300, citing Shoreline Bank Trust Co. v. Leninski, 8 Conn. L.Rptr. 522, 525 (March 19, 1993, Celotto, J.). The rationale behind this limitation "is that counterclaims and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject of the CT Page 1294 foreclosure action and as such do not arise out of the same transaction as the foreclosure action." National Mortgage Co. v.McMahon, supra.
Furthermore, in actions to foreclose upon a common charge lien, such as this case, courts have not recognized special defenses or counterclaims as a matter of law. Wilton CrestCondominium v. Stern, 8 CSCR 955 (August 13, 1993, Leheny, J.);Casagmo Condominium Association, Phase II v. Kaufman, 8 CSCR 385
(April 19, 1993, McGrath, J.); Anchorage Condominium v. Smith, 12 CLT 841 (October 15, 1986, Schaller, J.). These courts have relied on the fact that the "special defenses were not based on the lien which is the subject of the foreclosure, and the counterclaims did not arise out of the same cause of action as the foreclosure action." Wilton Crest Condominium v. Stern, supra; AnchorageCondominium, supra. Additionally, these courts have relied on the Common Interest Ownership Act, which provides that
 [n]o unit owner may exempt himself from liability for payment of the common expenses by waiver of the use or enjoyment of any of the common elements or by the abandonment of the unit against which assessments are made, except if every unit owner is so exempted from the payment of all or part of the expenses.
General Statutes Sec. 47-78(a); Wilton Crest Condominium v. Stern,
supra. Since the Common Ownership Interest Act clearly indicates that unit owners are liable for common charges, these courts have held that as a matter of law, "a validly levied common charge cannot be the subject of a special defense." Id. Furthermore, when a counterclaim does not relate to the associations' right "to collect common charges and to foreclose upon such charges not paid by individual owners under General Statutes Sec. 47-244 and 258," the granting of a motion to strike the counterclaim is appropriate. Id.
In the present action, the defendants' counterclaim is premised on three theories: negligence, breach of contract, and loss of consortium. These causes of action relate to an incident where the defendant Alberto Pereira fell from a deck adjacent to his condominium unit. While the defendants claim that these allegations of the plaintiff's misconduct have prevented them from paying the common charges, the allegations simply do not relate to the plaintiff's right to collect common charges and foreclose upon CT Page 1295 them. For this reason, the motion to strike should be granted.
Furthermore, although this court, under equitable principles, has recognized a variety of defenses and counterclaims to foreclosure actions, such defenses and counterclaims are properly limited to those that attack the making, validity or enforcement of the note or mortgage. See, National Mortgage Co. v. McMahon,
supra, 9 CSCR 300. For the court to allow defenses or counterclaims that go beyond this limitation would allow parties to assert claims that do not arise out of the same transaction as the foreclosure action, which is impermissible under Practice Book Sec. 116. This case does not involve a lien or mortgage, but the same difficulty arises in this case in terms of the underlying common charges and lien being foreclosed. When the allegations of the counterclaim do not attack the underlying common charges or lien, they fail to assert claims that arise out of the same transaction as the foreclosure action, and are therefore impermissible. The defendants claims would be raised more properly in a separate action. Since they fail to arise out of the same transaction as this foreclosure, they are not proper.
For these reasons, the plaintiff's motion to strike the defendants' counterclaim is granted.
PICKETT, J.