[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By complaint dated June 8, 1994, the plaintiff, First Seabreeze Association, Inc. commenced a foreclosure action against the defendants, Arlene Barnett and Shawmut Bank f/k/a The Connecticut National Bank. The plaintiff alleges that Barnett has failed to pay common charges and assessments in accordance with the terms and conditions of the Declaration of Seabreeze Condominium Association Declaration and By-laws, and accordingly, it is entitled to a lien for all assessments or fines, plus interest and attorney's fees and costs pursuant to General Statutes § 47-258.
On September 6, 1994, the plaintiff filed a motion to strike Barnett's counterclaim and special defenses on the ground that they are not proper claims or defenses in a foreclosure proceeding. The plaintiff also filed a memorandum of law in support of its motion to strike. On September 20, 1994, Barnett filed an "objection" to the plaintiffs' motion to strike and a memorandum of law in support of its objection.
Pursuant to Practice Book § 152(5), if a party wishes to contest "the legal sufficiency of any answer to any complaint, counterclaim or cross-complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part CT Page 3037 thereof." See Ivey, Barnum O'Mara v. Indian Harbor Properties,Inc., 190 Conn. 528, 461 A.2d 1369 (1983). In considering a motion to strike, the court is "limited to considering the grounds specified in the motion." Kopsick v. Yale University, 6 Conn. L. 95 (June 24, 1992, Maiocco, J.), quoting Meredith v. PoliceCommissioner of Town of New Canaan, 182 Conn. 138, 438 A.2d 27
(1980).
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. . . . The court must construe the facts in the complaint most favorably to the plaintiff." Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). The facts to be considered by the court on a motion to strike include the facts that are implied and fairly provable under the allegations. Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 495, 605 A.2d 862 (1992).
The plaintiff argues that Barnett's counterclaim consisting of three counts for violation of the Connecticut Unfair Trade Practices Act (CUTPA), breach of the covenant of good faith and fair dealing and negligence, and three special defenses which are asserted on the same grounds as the counterclaim, do not constitute proper defenses or claims in a foreclosure action.
A split of authority presently exists among the judges of the Superior Court as to the defenses available in a foreclosure action. "In a foreclosure action, defenses are generally limited to payment, discharge, release, satisfaction or invalidity of a lien." First Federal v. Kakaletris, 11 Conn. L. Rptr. 113
(February 23, 1994, Karazin, J.). A foreclosure action is an equitable proceeding, and therefore, courts have recognized various equitable defenses including mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party. Id., 113-14. Nevertheless, "only those equitable defenses which attack the making, enforcement or validity of a note or mortgage should be recognized in a foreclosure action." Id., 114.
In Wilton Crest Condominium v. Stern, 8 CSCR 955 (August 13, 1993, Leheny, J.), the plaintiff condominium association filed a complaint against the defendants seeking to foreclose upon its common charge lien. The defendants filed special defenses on the grounds that (1) the plaintiff failed to provide services; (2) the plaintiff and its directors breached their fiduciary duty to the CT Page 3038 defendants; and (3) the plaintiff and its directors breached the covenants contained in the condominium rules and regulations. Id. The defendants' fourth special defense and counterclaim alleged that the plaintiff's conduct alleged in the first, second and third special defense constituted a violation of CUTPA. Id. The plaintiff moved to strike the special defenses and counterclaim on the ground that they were legally insufficient because they were not valid in the foreclosure action. Id.
The court granted the motion to strike the special defenses, relying on Anchorage Condominium v. Smith, 1 CSCR 841, (October 16, 1986, Harrigan, J.), because the defendants' claims were "not based on the lien which is the subject of this foreclosure." Id., 956. In Anchorage Condominium v. Smith, supra, 1 CSCR 841-43, the court struck the defendant's special defenses and counterclaims which alleged that the plaintiff condominium association had failed to make repairs and provide services, and violated CUTPA, because the special defenses were not based on the lien that was the subject of the foreclosure action and the counterclaim failed to arise out of the same cause of action as the foreclosure action. The court further stated that "the defendants seek to avoid their fair share of the expense of the condominium operation because of their alleged grievances. Such action jeopardizes the entire community. If the defendants wish to pursue their grievances against the board, it must be done in a separate action, not by refusal to pay their common charges which is directed against the other unit owners' health and welfare, all of whom are entitled to having the budget funded by all the unit owners." Id., 843.
The court in Wilton Crest Condominium v. Stern, supra, 8 CSCR 956, further stated the Common Interest Ownership Act "clearly indicates that unit owners are liable for common charges: and that "as a matter of law a validly levied common charge cannot be the subject of a special defense." With regard to the counterclaim in CUTPA, the court stated that the allegations did not arise out of the same transactions as the foreclosure action, "but rather from acts of the condominium association unrelated to the associations' rights to collect common charge and to foreclose upon charges not paid by individual owners." Id. Accordingly, the court granted the motion to strike the defendants' counterclaim. Id.; see alsoWest Cove Marina Corp. v. Ginsburg, Superior Court, Judicial District of New Haven, Docket No. 319121 (March 1, 1993, Vertefeuille, J.) (holding that as a matter of law, the plaintiff unit owner's association's alleged failure to provide services and repairs and tortious interference with the defendant's efforts to CT Page 3039 lease his unit, were not legally sufficient special defenses to an action to foreclose due to the defendant's failure to pay common charges and assessments).
In the present action, Barnett alleges that the plaintiff failed to remedy a water leakage problem, and intentionally thwarted her ability to market her property by indicating to a broker that she was being evicted, and/or suggesting that the property was in foreclosure, and/or suggesting that the property was available for rent without security. Based upon these allegations, Barnett asserts three special defenses and a counterclaim in three counts for violation of CUTPA, breach of the covenant of good faith and fair dealing and negligence.
Barnett's special defenses and counterclaim are stricken because Barnett's claims allege acts of the plaintiff which are unrelated to its right to collect common charges and to foreclose upon charges that are not paid, and are not based upon the lien which is the subject of this foreclosure. Wilton Crest Condominiumv. Stern, surpa; Anchorage Condominium v. Smith, supra, 1 CSCR 841-43.
Accordingly, the plaintiff's motion to strike the defendant's special defenses and counterclaim is granted.
KARAZIN, J.