[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On February 22, 1995, the plaintiff, Ninety Main Street Condominium Assoc., filed a single count complaint against the defendant, Paul A. Firos. The complaint alleges that the plaintiff is an association recognized under Chapter 828 of the General Statutes. The complaint alleges that the defendant owns a unit in the condominium and is obligated to pay certain common charges and assessments. The complaint alleges that it has a statutory lien against the defendants' unit to secure payment of delinquent charges and assessments. The plaintiff seeks to foreclose upon this lien.
On March 13, 1995, the defendant filed an answer and a five count counterclaim. The crux of the counterclaim is that the plaintiff was obligated to provide two reserved, private parking places to the defendant. The theories under which the defendant is proceeding are breach of contract, interference with contract rights, bad faith, misrepresentation, and a violation of the CT Page 8133 Connecticut Unfair Trade Practice Acts.
On April 27, 1995, the plaintiff filed a motion to strike the counterclaims on the ground that they "are improperly joined in this action." The plaintiff filed a memorandum of law in support of its motion to strike. On May 10, 1995, the defendant filed a memorandum in opposition to the motion to strike.
"`Whenever any party wishes to contest . . . (5) the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof."' Bouchard v.People's Bank, 219 Conn. 465, 468 n. 3, 594 A.2d 1 (1991), quoting Practice Book § 152. "The allegations of the pleading are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91,108-09, 491 A.2d 368 (1985).
In the plaintiff's memorandum of-law, it argues that the counterclaims should be stricken because they do not arise from the same transaction as the foreclosure proceeding. The plaintiff argues that the defendant has an absolute obligation under General Statutes § 47-257 to pay assessments for common expenses levied by the plaintiff. The plaintiff contends that the common interest is communal in nature, comprised of individual unit owners who depend on each other. The plaintiff states that its statutory right to collect common expense assessments promotes the viability and stability of the condominium. The plaintiff also cites WiltonCrest Condominium Ass'n, Inc. v. Stern, 8 CSCR 955 (August 13, 1993, Leheny, J.) and Anchorage Condominium v. Smith, 1 CSCR 841
(October 16, 1986, Harrigan, J.) as examples of cases in which the Superior Court has stricken counterclaims from proceedings brought by condominium associations to foreclose condominium liens.
In Firos's memorandum of law, he argues that the five counterclaims should not be stricken. Firos claims that the two reserved parking spaces was an important, negotiated term of his contract to purchase the unit he owns. Firos argues that he stopped paying the common charges because the plaintiff refused to correct the problem with the parking spaces. Firos distinguishesWilton Crest Condominium Ass'n, Inc. v. Stern, supra, 8 CSCR 955
and Anchorage Condominium v. Smith, supra, 1 CSCR 841 on the ground CT Page 8134 that those cases concerned proper common use charges and the common use charge in this case is improper. Firos claims that the common use charge is improper because the reserved parking spaces are "a limited common element."
A condominium association may make an assessment to pay for certain common expenses. General Statutes § 47-257. "The association has a statutory lien on a unit for any assessment levied against that unit." General Statutes § 47-258 (a). "Such lien may be foreclosed by suit by the association in like manner as a mortgage of real property." General Statutes § 47-77 (a).
"Connecticut Courts have relied upon a `transaction test' to determine whether or not counterclaims and cross-claims comply with Practice Book § 116. The `transaction test' as set forth in Practice Book § 116 is a test designed to permit the joinder of closely related claims where such joinder is in the best interest of judicial economy and avoidance of piece-meal disposition of what is essentially one action. Wallingford v. Glen Valley Associates,Inc., 190 Conn. 158, 161, 459 A.2d 525 (1983)." City of Stamfordv. Daddona, Superior Court, judicial district of Stamford/Norwalk, Docket No. 127293 (Nov. 4, 1994, Hickey, J.) Moreover, an examination of other foreclosure proceedings indicate that counterclaims "are proper only when they, like their common law counterparts, attack the note itself." Shoreline Bank Trust Co. v. Leninski,8 Conn. L. Rptr. 522, 524 (March 19, 1993, Celotto, J.)
The basis for the counterclaims, a dispute over two reserved parking spaces, does not arise from the same transaction as the foreclosure complaint, i.e. the defendant's failure to pay an assessment. Firos may bring a separate action to resolve the dispute over the two reserved parking spaces.
The decision in this case agrees with other Superior Court decisions that have considered the issue. See Willow Springs CondoAssoc. v. Pereira, Superior Court, judicial district of Litchfield at Litchfield (February 9, 1995, Pickett, J.); Casagmo Condo.Ass'n, Phase II. v. Kaufman, Superior Court, judicial district of Danbury (March 15, 1993, McGrath, J.); Wilton Crest Condominium v.Stern, supra, 8 CSCR 891; and North Star Condominium v. Vartulli,7 Conn. L. Rptr. 115 (July 20, 1992, Nigro, J.)
Accordingly, the motion to strike the counterclaim is granted.
Richard J. Tobin, Judge CT Page 8135