[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 16, 1996
FACTS
On May 2, 1996, the plaintiff, Willow Springs Condominium Association, Inc., filed a single-count complaint against the defendants, Bruno D'Angelis and Attilia D'Angelis,[1] seeking to foreclose upon a condominium common charge lien. The plaintiff's complaint likes that the plaintiff is empowered to assess common charges of unit owners and lien condominium units to secure delinquent common charges. (Complaint ¶ 1.) The plaintiff alleges that the defendants, as owners of unit 271, are under an obligation to pay assessed charges, but have failed to do so. (Complaint ¶¶ 4 through 8.) The plaintiff alleges that it has perfected a statutory lien against the defendants' unit to secure payment of delinquent charges and assessments, and it now seeks to foreclose upon this lien. (Complaint ¶ 10.)
On June 25, 1996, the defendants filed an answer, special defenses and a counterclaim to the plaintiff's complaint. The counterclaim alleges discrimination against the defendants' tenant, Gerald Brown, who is handicapped. In addition, the CT Page 5467 counterclaim alleges that the plaintiff has imposed unjust fines and penalties upon the defendants in retaliation for the tenant's repeated requests to provide handicapped access and parking.
The plaintiff now moves to strike the counterclaim on the grounds that it is legally insufficient because it is not based on the lien that is the subject matter of this foreclosure action. The plaintiff filed a memorandum of law in support of its motion. The defendants timely filed a memorandum of law in opposition.
DISCUSSION
"Whenever any party wishes to contest . . . the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152(5). "[A] plaintiff can demur [move to strike] to a special defense or counterclaim." Nowak v. Nowak,175 Conn. 112, 116, 394 A.2d 716 (1978).
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff . . ." (Citations omitted; internal quotation marks omitted.) Novametrix Medical Systems v.BOC Group. Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . It does not include, however, the legal conclusions or opinions stated in the complaint . . ." (Citations omitted.) S.M.S. Textile v. Brown, Jacobson, Tillinghast, Lahanand King, P.C., 32 Conn. App. 786, 796, 631 A.2d 340 (1993). "If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied . . ." (Citations omitted.) RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384, 650 A.2d 153 (1994). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged . . ." (Citations omitted.) Novametrix Medical Systems v. BOC Group, Inc., supra,224 Conn. 215.
The defenses available in a foreclosure action are "payment, CT Page 5468 discharge, release, satisfaction or invalidity of a lien." HansL. Levi, Inc. v. Kovacs, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 056101 (261, November 4, 1991) (Pickett, J., 5 CONN. L. RPTR. 260,); First Federal v.Kakaletris, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 130826 (February 23, 1994) (Karazin, J. 11 CONN. L. RPTR. 113); Shawmut Bank v. Wolfley, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No., 130109 (January 24, 1994) (Dean, J., 9 CSCR 216); CiticorpMortgage, Inc. v. Kerzner, Superior Court, judicial district of Ansonia Milford at Milford, Docket No. 036379 (January 15, (1993) (Curran, J., 8 CONN. L. RPTR. 229). In some cases however, "[b]ecause a mortgage foreclosure action is an equitable proceeding, the trial court may consider all relevant circumstances to ensure that complete justice is done." Reynoldsv. Ramos, 188 Conn. 316, 320, 449 A.2d 182 (1982). Accordingly, courts have permitted defendants to raise certain equitable defenses such as mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure, refusal to agree to a favorable sale to a third party, usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration. See Fleet Bank v. Barlas,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 518205 (June 29, 1994) (Aurigemma, J., 12 CONN. L. RPTR. 32); Donza v. Depamphilis, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 517276 (April 7, 1994) (Aurigemma, J., 9 CSCR 472); First Federalv. Kakaletris, supra, 11 CONN. L. RPTR. 113; National MortgageCo. v. McMahon, Superior Court, judicial district of New Haven at New Haven, Docket No. 349246 (February 18, 1994) (Celotto, J.,9 CSCR 300); Shawmut Bank v. Wolfley, supra, 9 CSCR 216: CiticorpMortgage, Inc. v. Kerzner supra, 8 CONN. L. RPTR. 229.
Equitable special defenses are permitted, but they are limited to those which "attack the making, validity or enforcement of the lien, rather than some act or procedure of the lienholder." National Mortgage Co. v. McMahon, supra, 9 CSCR 300. "The rationale behind this is that counterclaims and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action."Id. 300-01. In the present case, the counterclaim does not attack the making, validity or enforcement of the lien but rather some CT Page 5469 acts or procedure of the lienholder.
As the plaintiff correctly argues, under Connecticut law validly levied common charges constitute independent obligations that are not subject to any claims of set-off, counterclaim or special defense. The Village at Paugnut Forest Association, Inc.v. Wood, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 066351 (May 19, 1995) (Pickett, J., 14 CONN. L. RPTR. 242, 243). The plaintiff contends that the defendants' counterclaim does not relate in any way to the underlying lien for unpaid common charges. Instead, the plaintiff argues that the defendants' claims constitute an attempt to off-set their common charges with claims unrelated to the lien that is the subject of this foreclosure.
"Furthermore, in actions to foreclose upon a common charge lien, such as this case, courts have not recognized special defenses or counterclaims as a matter of law. Wilton CrestCondominium v. Stern, 9 CONN. L. RPTR. 539, 8 CSCR 955 (August 13, 1993) (Leheny, J.); Casagmo Condominium Association, Phase IIv. Kaufman, 8 CONN. L. RPTR. 763, 8 CSCR 385 (April 19, 1993) (McGrath, J.); Anchorage Condominium v. Smith, 12 CLT 841 (October 15, 1986) (Harrigan, J.); see also Willow Springs v.Pereira, Superior Court, judicial district of Litchfield, Docket No. 067067 (February 9, 1995) (Pickett, J.). These courts have relied on the fact that the `special defenses were not based on the lien which is the subject of the foreclosure, and the counterclaims did not arise out of the same cause of action as the foreclosure action.' Wilton Crest Condominium v. Stern,supra; Anchorage Condominium, supra. Additionally, these courts have relied on the Common Interest Ownership Act, which provides that `[n]o unit owner may exempt himself from liability for payment of the common expenses by waiver of the use or enjoyment of any of the common elements or by the abandonment of the unit against which assessments are made, except if every unit owner is so exempted from the payment of all or part of the expenses.' General Statutes Sec. 47-78 (a); Wilton Crest Condominium v.Stern, supra. Since the Common Ownership Interest Act clearly indicates that unit owners are liable for common charges, these courts have held that as a matter of law, `a validly levied common charge cannot be the subject of a special defense.' Id.
Furthermore, when a counterclaim does not relate to the associations' right `to collect common charges and to foreclose upon such charges not paid by individual owners under General Statutes Sec. 47-244 and 258,' the granting of a motion to strike CT Page 5470 the counterclaim is appropriate. Id." The Village at PaugnutForest Association, Inc. v. Wood, supra, 14 CONN. L. RPTR. 243).
The defendants argue that the above cases are only applicable in cases where the common charges levied are valid common charges. In this case, the defendants argue, the common charges, fines and or penalties levied were unlawful and are only sought as a harassment and retaliation vehicle. The defendants also argue that a fair reading of the pleadings indicates that the common charges have been paid. In the present action, the defendants' counterclaim is premised on a theory of discrimination against their tenant.[2] This action relates to incidents in which the plaintiff's allegedly failed to provide proper ramp access to the unit or adequate handicapped parking in violation of the tenant's rights. The allegations simply do not relate to the plaintiff's right to collect common charges and foreclose upon them.
For the foregoing reasons, the plaintiff's motion to strike the defendants' counterclaim is granted.
DIRANGINIS, J.