PHYLLIS IORA ORTON
vs.
DAVID LEROY ORTON

Superior Court     Fairfield County     File #51180

Present:   Hon. EDWIN C. DICKENSON, Judge.

Keogh & Candee,              Attorneys for the Plaintiff.

Max Rosenberg,              Attorney for the Defendant.

## MEMORANDUM FILED JUNE 15, 1937.

DICKENSON, J.   The complaint is predicated upon intolerable cruelty.   The report of the Referee contains an ultimate conclusion that there was no such conduct on the part of the defendant.   While taken literally, this would seem to be a compliance with **Sec. 169, Practice Book, p. 61,** the finding is really a conclusion of law which the court, in a divorce case at least, should draw, and not the Referee.   In fact the Referee states in his report that he "cannot find that the defendant has been guilty of intolerable cruelty as it is defined under our law".

The report should contain a finding of the facts and leave to the court the questions whether these constituted intolerable cruelty in law.   It does contain some facts found but it does

not appear that these were all the facts found upon which the conclusion was based.

The Remonstrance is upon the ground, in substance, that the Referee has failed to find admitted or undisputed facts which would constitute intolerable cruelty. The transcript shows that there was a conflict of testimony as to these and the Referee cannot be expected to find facts upon testimony which he apparently did not give credence to; nor can the court question his finding upon disputed facts, or substitute a finding of its own on disputed facts.

While the remonstrant is not entitled to a recommittal on the grounds set up in the Remonstrance, the court may on its own motion, recommit where "it is satisfied that such a course is necessary for a just determination of the case." **Sections 173 and 175, Practice Book.**

The report is recommitted for the purpose of a finding of the facts upon which the Referee concluded there was no intolerable cruelty.