[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Shawmut Bank, seeks to foreclose on real property in New Canaan, of which defendant Joanne Wolfley is the record owner and defendants Joanne and Allen Wolfley are in possession. In its complaint, dated February 5, 1993, the plaintiff alleges that the Wolfleys signed a written guaranty for CT Page 894 a commercial promissory grid note executed by defendant Alsen Terminal Ltd. and dated January 31, 1990. The plaintiff further alleges that such note is secured by a mortgage on the New Canaan property, pursuant to a deed executed by the Wolfleys that same day. The plaintiff seeks strict foreclosure, attorney's fees, possession of the premises, and a deficiency judgment.
On April 16, 1993, the Wolfleys and Alsen Terminal Ltd. [hereinafter "defendants"] filed an answer, special defenses and counterclaim. The special defenses assert the following: (1) that there is no deficiency judgment which will lie in favor of the plaintiffs since the fair market value of the premises exceeds the total debts secured thereby; (2) that the plaintiff's imposition of a 2% increase in the interest rate and imposition of late fees constituted a forfeiture and was an improper damage provision and a penalty; (3) that the plaintiff's requirement that defendant post $150,000 cash as collateral is a violation of General Statutes 36-224 (1); (4) that the $150,000 requirement and the inclusion of a penalty rate after default renders the loan unconscionable; (5) that plaintiff violated General Statutes 36-224 (m) because a June 1, 1992 transaction between the parties constituted a new loan and plaintiff did not file a new mortgage; (6) that plaintiff violated the Connecticut Unfair Trade Practices Act, 42-110a et. seq. [CUTPA]; and (7) that plaintiff's commitment letters constituted a new loan and therefore constituted a novation of the existing loan. The defendant's four count counterclaim alleges that the additional interest charge and late fee constituted a penalty and is not enforceable; that plaintiff violated 36-244 (1); that plaintiff's violation of 36-224 (1) and (m) rendered the loan unconscionable; and that plaintiff violated CUTPA.
On September 13, 1993, the plaintiff filed the present motion to strike on the grounds that the special defenses asserted are not valid defenses to a foreclosure action and the counterclaim fails to allege facts sufficient to support a claim for relief and relies upon law which is inapplicable to the present action. On October 12, 1993, the defendants filed a memorandum of law in opposition to the motion to strike pursuant to Practice Book 155.
"The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988); Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). In ruling on a motion to strike, the court is limited to the facts alleged in the CT Page 895 complaint. King v. Board of Education, 195 Conn. 90, 93,463 A.2d 1111 (1985). The court must construe the facts most favorably to the pleader. Blancato v. Feldspar, 203 Conn. 34, 36, 552 A.2d 1235
(1987). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them and if facts provable under the allegations would support a defense or cause of action, the motion to strike must fail (Citation omitted.)" Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822 (1980).
Special defenses require the pleading of facts which are consistent with the plaintiff's statement of facts, but show that the plaintiff nevertheless has no cause of action. Northeast Savings, F.A. v. Dunst, 6 Conn. L. Rptr. 333 (April 15, 1992, Nigro, J.). In a foreclosure action, defenses are generally limited to payment, discharge, release, satisfaction or invalidity of a lien. Hans L. Levi, Inc. v. Kovacs, 5 Conn. L. Rptr. 260, 261 (November 4, 1991, Pickett, J.). A foreclosure action is an equitable proceeding where the trial court may consider all relevant circumstances to ensure complete justice is done. Reynolds v. Ramos, 188 Conn. 316, 320, 449 A.2d 182 (1982). Courts have therefore recognized "various equitable defenses such as mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party . . ., Town of Stratford v. Siciliano, 8 CTLR 507 (August 6, 1993, Leheny, J.). However, only those equitable defenses which attack the making, enforcement, or validity of a note or mortgage should be recognized in a foreclosure action. Id.; Centerbank v. Motor Inn Association, 9 CTLR 505 (August 2, 1993, Thompson, J. ); Lafayette Bank Trust Co., 10 CTLR 224 (November 29, 1993, Miacco, J.), Citytrust v. Kings Gate Developers, Inc., 2 Conn. L. Rptr. 638 (October 9, 1990, Lewis,
The first special defense alleges that there is no deficiency judgment which will lie in favor of the plaintiff because the fair market value of the premises exceeds the total debts secured thereby. The first special defense does not address the making, validity or enforcement of the note and mortgage upon which plaintiff is seeking foreclosure. Furthermore, the court will .necessarily address whether the plaintiff is entitled to a deficiency judgment, since plaintiff seeks a deficiency judgment in its prayer for relief. Accordingly, the motion to strike the first special defense is granted. CT Page 896
The second special defense alleges that the imposition of a 2% increase in the interest rate and imposition of late fees[1]
constitute a forfeiture and is an improper liquidated damage provision and a penalty. In response, the plaintiff argues that the type of transaction at issue is exempt from usury laws.
The court may later determine that usury laws do not apply to this transaction, but viewing the special defense in the light most favorable to the defendant, the defense of usury is sufficiently stated.
"`In judging a motion to strike, . . . it is of no moment that the [party] may not be able to prove [his] allegations at trial' (citations omitted.)" Grubb Ellis Co. v. Dinardo,2 Conn. L. Rptr. 309 (August 30, 1990, Jones, J.). Courts have recognized usury as a special defense to a foreclosure action. Bank of New Haven v. Liner, Superior Court, Judicial District of Ansonia/Milford at Milford, Docket No. 034516 (April 2, 1993); Atlas Realty Corp. v. House, 120 Conn. 661, 666, 183 A. 9 (1936). Accordingly, the motion to strike the second special defense is "denied.
The third special defense alleges that the requirement that defendant post a $150,000 cash collateral violates General Statutes 36-224 (a). The fifth special defense alleges that the plaintiff also violated 36-244 (m) because the parties' transaction of June 1, 1992 constituted a new loan and plaintiff failed to file a new mortgage. The plaintiff argues that 36-224 only applies to consumer transactions and the case at bar involves a commercial loan.
The circumstances surrounding the alleged $150,000 cash collateral requirement are not clear, as the complaint simply seeks foreclosure of the January 1990 note and mortgage. The defendant's brief in opposition states that "the defendants executed a new loan commitment that required no mortgage." In viewing the defenses in a light most favorable to the defendants, they have alleged that there was a modification of the original loan and that it contained a provision which violated 36-224 (1). Thus, these two special defenses attack the validity and/or enforcement of the original note and mortgage. Accordingly, the motion to strike the third and fifth special defenses is denied.
The fourth special defense alleges that the loan from the plaintiff to the defendant is unconscionable due to a cash CT Page 897 collateral requirement in the alleged modification and the inclusion of the penalty rate of interest after default in the original mortgage. "A special defense alleging an unconscionable rate of interest is a valid special defense." Bank of New Haven v. Liner, supra; Ham v. Taylor, 180 Conn. 491, 497, 429 A.2d 946
(1980). Accordingly, the motion to strike the fourth special defense is denied.
The sixth special defense and count four of the defendant's counterclaim allege a violation of CUTPA. Gateway Bank v. Racquetball Spa, Inc., 10 CTLR 170 (November 15, 1993, Lager, J.) CUTPA was found applicable to banks. Accordingly, plaintiff's motion to strike the sixth special defense and count four of the defendant's counterclaim is denied.
The seventh special defense alleges that the plaintiff, s commitment letter constituted a new loan, and therefore amounted to a novation of the existing loan. The special defense essentially asserts that the original note and/or mortgage is invalid. As noted above, the invalidity of a note or mortgage is a valid special defense. Accordingly, the plaintiff's motion to strike the seventh special defense is denied.
In count one of the counterclaim, the defendants allege that the imposition of an additional interest charge and late charge following default constitutes a forfeiture and penalty. In count two, they allege that the plaintiffs violated General Statutes 36-224 (1) by increasing the interest rate and requiring a letter of credit when the June 1992 agreement was entered into. In count three, the defendants allege that the agreement of 1992 was unconscionable due to the violations of General Statutes 36-224 (1) and (m). The defendants seek an accounting, monetary and punitive damages, an injunction prohibiting plaintiff from enforcing certain paragraphs of the note, attorney's fees, that the court modify or discharge the mortgage, and that the court enter an injunction prohibiting plaintiff from violating Chapter 646 of the General Statutes in the future. The plaintiffs argue that this part of the counterclaim fails to allege sufficient facts and that it relies upon law which is inapplicable to the present action.
Practice Book 116 provides in relevant part that "[i]n any action for legal or equitable for relief, any defendant may file counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint . . ." CT Page 898 The Supreme Court has held that:
 "[t]he `transaction test' is one of practicality, and the trial court's determination as to whether that test has been met ought not to be disturbed except for an abuse of discretion . . . Where the underlying purposes of Practice Book 78 [now 116], to wit, judicial economy, avoidance of multiplicity of litigation, and avoidance of piecemeal disposition of what is essentially disposition of what is essentially one action, are thwarted rather than served by the filing of a [counter] claim, the [counter] claim may properly be expunged."
Wallingford v. Glen Valley Associates, Inc., 190 Conn. 158, 161,459 A.2d 525 (1983), quoting Jackson v. Conland, 171 Conn. 161,166-67, 638 A.2d 3 (1976).
Counts one, two, and three apparently concern an agreement between the parties which modified some of the terms of the original note and mortgage. The transaction at issue necessarily includes the making, validity, and enforcement of the note and mortgage. Therefore, claims relating to the modification of the note and mortgage arise out of such transaction. Accordingly, plaintiff's motion to strike counts one, two and three is denied.
DEAN, J.