[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiffs, GMS Capital Corporation (GMS) and SRC CT Page 1865 Holdings Corporation (SRC), filed a complaint in foreclosure against the defendant, Frank Santilli. The plaintiffs allege that the defendant borrowed $267,000 from U.S. Money Centers in return for a promissory note secured by a mortgage on property owned by the defendant. The plaintiffs further allege that this mortgage was assigned to Home Savings of America, who subsequently assigned it to GMS and SRC. The defendant filed an answer, special defenses and a counterclaim in ten counts. The defendant alleges in his special defenses and counterclaim that he entered into a modification agreement with Home Savings which Home Savings subsequently breached by changing the terms of the agreement after substantial performance by the defendant. The defendant also alleges that Home Savings denied the defendant necessary information, and used "undue influence" to alter the defendant's "financial scheme."
On October 18, 1994, the plaintiffs filed a motion to strike the defendant's special defenses and counterclaim on the grounds that the special defenses alleged are not recognized in a foreclosure action and that the counterclaim does not arise out of the transaction that is the subject of the complaint. The plaintiffs also filed a supporting memorandum of law. The defendant filed a memorandum in opposition on November 21, 1994.[1]
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of [the pleading] . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the [pleading]. The court must construe the facts in the [pleading] most favorably to the [nonmoving party]." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOCGroup, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the [pleading]. . . ." S.M.S.Textile v. Brown, Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340 (1993). "If facts provable in the [pleading] would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix medical Systemsv. BOC Group. Inc., supra, 224 Conn. 215. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that CT Page 1866 the plaintiff has no cause of action." Grant v. Bassman,221 Conn. 465, 472-73, 604 A.2d 814 (1992).
The traditional defenses available in a foreclosure action are "payment, discharge, release, satisfaction or invalidity of a lien." See First Federal v. Kakaletris, 11 Conn. L. Rptr. 113
(February 23, 1994, Karazin, J.); Shawmut Bank v. Wolfley,9 CSCR 216 (January 24, 1994, Dean, J.); Citicorp Mortgage, Inc. v.Kerzner, 8 Conn. L. Rptr. 229 (January 15, 1993, Curran, J.). In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. See Lawall Realty, Ltd. v. Auwood, Superior Court, judicial district of New London at New London, Docket No. 527050 (March 1, 1994, Leuba, J.); First Federal v. Kakaletris,
supra; National Mortgage Co. v. McMahon, 9 CSCR 300 (February 18, 1994, Celotto, J.); Shawmut Bank v. Wolfley, supra; CiticorpMortgage, Inc. v. Kerzner, supra. Other defenses which have been recognized are usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration. SeeFleet Bank v. Barlas, 12 Conn. L. Rptr. 32 (June 29, 1994, Aurigemma, J.); Donza v. Depamphilis, 9 CSCR 472 (April 7, 1994, Aurigemma, J.); Connecticut National Bank v. Montanari, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 517808 (January 26, 1994, Aurigemma, J.).
While courts have recognized equitable defenses in foreclosure actions, they have generally only been considered proper when they "attack the making, validity or enforcement of the lien, rather than some act or procedure of the lienholder."Lawall Realty, Ltd. v. Auwood, supra; National Mortgage Co. v.McMahon, supra, 9 CSCR 300. "The rationale behind this is that counterclaims and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do nor arise out of the same transaction as the foreclosure action." Lawall Realty. Ltd. v. Auwood, supra;National Mortgage Co. v. McMahon, supra, 9 CSCR 300-01. Moreover, courts have held that "defenses to foreclosure are recognized when they attack the note itself rather than some behavior of the mortgagor." Opticare Centers v. Aaron, Superior Court, judicial district of Waterbury, Docket No. 111491, (February 24, 1994, Sylvester, J.). Other courts have determined, however, that the CT Page 1867 equitable nature of foreclosure demands that the court consider all circumstances to ensure that complete justice is done between the parties. See Shawmut Bank v. Carriage Hill Estates, Inc.,
Superior Court, judicial district of Waterbury, Docket No. 116593 (June 10, 1994, West, J.); Harborwalk v. Errato,11 Conn. L. Rptr. 534 (May 20, 1994, J. Walsh, J.); Chase Manhattan Bank v.Indian River Green, 8 Conn. L. Rptr. 165 (January 6, 1993, Rush, J.).
The plaintiffs argue that the defendant's first special defense should be stricken because no agreement as to modification was ever reached, the defendant does not allege that the agreement was in writing to satisfy the Statute of Frauds, and failure to comply with a modification agreement is not a valid defense to a foreclosure.
The defendant has alleged that he entered into an agreement with Home Savings to restructure the loan, which agreement Home Savings breached. The defendant did not include any allegations as to whether the modification was oral or in writing. The plaintiff argues that no modification agreement was ever reached, and that no agreement was in writing, however, "it is not proper for the court to consider whether the challenged allegations would withstand a defense such as the failure to comply with the requirements of the Statute of Frauds. The defendants are not required to plead evidence." Connecticut National Bank v.Montanari, supra. The court in Shawmut Bank v. Wolfley, supra,9 CSCR 216, held that allegations of modification directly attack the validity or enforcement of the original note and mortgage. In construing the facts alleged most favorably to the defendant the court must assume that the modification does comply with the requirements of the statute of frauds.
The plaintiff also asserts that this defense is inapplicable based on the holding in New England Savings Bank v. High Ridge,Inc., 5 Conn. L. Rptr. 110 (November 10, 1991, Leuba, J.) which held that the defense of "unclean hands" based upon a failure to comply with the terms of a modification agreement was inapplicable to a foreclosure action. However, the first special defense does not assert a defense of "unclean hands," but rather one of modification. The defendant's allegations of modification attack the validity and enforcement of the note and mortgage, therefore, the plaintiff's motion to strike the first special defense is denied. CT Page 1868
In his second special defense the defendant alleges that "Home Savings subsequent to making and (sic) agreement with Santilli to restructure the loan, changed the terms of the agreement after substantial performance by Santilli thereby hindering his ability to complete the agreement and maintain his sterling credit." The plaintiff argues that no agreement was ever entered into, that such an agreement was not in writing and unenforceable, and failure to comply with the terms of such an agreement is not a valid special defense.
The defendant alleges that Home Savings breached the subsequent modification agreement and, as discussed above, allegations that a modification agreement was entered into by the parties is a valid defense in a foreclosure action. However, allegations that the agreement was subsequently breached do not address the making, validity or enforcement of the note or mortgage being sued upon, but rather, address a later agreement. Therefore, the plaintiff's motion to strike the defendant's second special defense is granted.
In the third special defense the defendant alleges that "Home Savings directed Santilli to contact its agent, who set up an elaberate (sic) restructuring scheme to alleviate the responsibility of the bank on a severe accounting error. Home Savings then denied Santilli of crucial information that led him to virtual financial ruin." The plaintiff contends that this special defense does not address the making, validity or enforcement of the note, and does not assert facts whereby the plaintiff as assignee would be liable for Home Savings' failure to act in good faith.
From the allegations it is unclear what the special defense is that the defendant is endeavoring to assert. Furthermore, the allegations are not directed at the making, validity or enforcement of the note or mortgage being sued upon. Moreover, the defendant has not alleged how the plaintiff is liable for Home Savings' actions. Therefore, the plaintiff's motion to strike the defendant's third special defense is granted.
The defendant alleges in his fourth special defense that "Home Savings used undue influence through their (sic) strength of its position over Santilli to alter his financial scheme to his detriment." The plaintiff maintains that this defense does not address the making, validity or enforcement of the note, nor does it assert facts showing why the plaintiff as assignee would CT Page 1869 be liable for the use of undue influence by Home Savings.
No court has recognized a defense of "undue influence" in a foreclosure action. Moreover, the defendant' allegations do not address the making, validity or enforcement of the mortgage being foreclosed, and the defendant alleges no facts demonstrating how the plaintiff is liable for Home Savings' actions. The plaintiff's motion to strike the defendant's fourth special defense is granted.
The defendant alleges in his fifth special defense that "Santilli relied to his detriment on misrepresentation to him by Home Savings." The plaintiff argues that the defendant has alleged no facts addressing the making, validity or enforcement of the mortgage, and has alleged no facts supporting the defense.
The defendant's allegations sound in fraud; however, they are conclusory and provide no facts as to what representations were relied upon and what detriment was suffered. A motion to strike "admits all facts well pleaded; it does not admit legalconclusions or the truth or accuracy of opinions stated in the pleadings. (Emphasis in original.) Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). Therefore, the plaintiff's motion to strike the fifth special defense is granted.
In the sixth special defense the defendant alleges that "Home Savings made promises to which Santilli relied to his detriment and misrepresented facts and is estopped in equity and law from asserting a default in the instant matter." The plaintiff contends that the defendant is alleging a defense of "unclean hands" which is not valid in a foreclosure action, and it does not address the making, validity or enforcement of the mortgage.
The defense alleged by the defendant is estoppel, which has been recognized by some courts as a valid defense in foreclosure actions. See Lawall Realty, Ltd. v. Auwood, Superior Court, judicial district of New London at New London, Docket No. 527050 (March 1, 1994, Leuba, J.); First Federal v. Kakaletris, supra;National Mortgage Co. v. McMahon, 9 CSCR 300 (February 18, 1994, Celotto, J.); Shawmut Bank v. Wolfley, supra, 9 CSCR 216;Citicorp Mortgage, Inc. v. Kerzner, supra, 8 Conn. L. Rptr. 229. In the present case, the defendant's allegations are conclusory, as he has alleged no facts as to what promises and misrepresentations were relied upon. Therefore, the plaintiff's motion to strike the defendant's sixth special defense is CT Page 1870 granted.
The defendant alleges in his seventh special defense that "Home Savings actions and representations subsequent to the formation of the February 23, 1987 note and mortgage and their filing of the instant lawsuit constitute an UNCONSCIONABLE insistence upon a legal or equitable remedy, which passes to the latter named successor plaintiffs." The plaintiff maintains that the insistence upon a legal or equitable remedy is not unconscionable, and that the defendant alleges no facts addressing the making, validity or enforcement of the mortgage.
While courts have recognized a defense of unconscionability of interest rate; see Fleet Bank v. Barlas, 12 Conn. L. Rptr. 32
(June 29, 1994, Aurigemma, J.); Donza v. Depamphilis, 9 CSCR 472
(April 7, 1994, Aurigemma, J.); Connecticut National Bank v.Montanari, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 517808 (January 26, 1994, Aurigemma, J.); no court has recognized a defense that it is unconscionable for a plaintiff to avail himself of judicial remedies. Furthermore, the defendant has alleged no facts which address the making, validity or enforcement of the note and mortgage being sued upon. The plaintiff's motion to strike the defendant's seventh special defense is granted.
The plaintiff also contends that the defendant's counterclaim does not arise out of the same transaction as is the subject of the complaint.
In his ten count counterclaim the defendant alleges that Home Savings, in error, showed a deficit against his account which dramatically increased his mortgage payment. The defendant further alleges that after repeated attempts to contact Home Savings to resolve the situation, he met with a loan officer and agreed to refinance the property. The defendant then alleges Home Savings breached this refinancing agreement, and that the plaintiffs are liable as successors in interest. The defendant alleges that these acts were fraudulent, in breach of contract, negligent, unconscionable, prevented the defendant "from making an informed choice", constitute undue influence, violated CUTPA, caused a detrimental change in position, and were a breach of a fiduciary duty.
Practice Book § 116 provides in pertinent part that "[i]n any action for legal or suitable relief, any defendant may file CT Page 1871 counterclaims against any plaintiff . . . provided that such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint." "Although some foreclosure proceedings rely on the equitable nature of the proceeding as grounds for allowing counterclaims and defenses not recognized at common law . . . this trend must have a boundary. An analysis of those cases recognizing equitable defenses and counterclaims suggest that they are proper only when they, like their common law counterparts, attack the note itself, rather than some act or procedure of the mortgagor. . . . Courts have not been receptive to foreclosure defendants who have asserted defenses and counterclaims based on factors outside of the note or mortgage." (Citations omitted.) Shoreline Bank Trust Co. v. Leninski, 8 Conn. L. Rptr. 522, 524 (March 19, 1993, Celotto, J.).
The defendant's counterclaim arises out of actions of Home Savings which occurred after the creation of the note and mortgage which are the subject of this suit. While such a restructuring agreement may serve as a defense because it attacks the validity or enforcement of the note or mortgage, it does not follow that this defense operates as a window through which to bring a plethora of direct causes of action unrelated to the creation of the original note and mortgage. Accordingly, the plaintiff's motion to strike the defendant's counterclaim is granted.
In summary, the plaintiff's motion to strike the defendant's first special defense is denied, and the plaintiff's motion to strike the defendant's second through seventh special defenses and counterclaim is granted.
D'ANDREA, J.