[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Great Western Bank, has filed a complaint in foreclosure against the defendant, Michael McNulty. The defendant filed an answer, special defenses, and a counterclaim. The defendant alleges in his special defenses that the plaintiff failed to mitigate its damages, engaged in tortious interference, was negligent, violated the Fair Debt Collection Practice Act (FDCPA), engaged in discriminatory lending practices, and improperly accelerated the note. In his counterclaim the defendant alleges tortious interference, negligence, and violation of the FDCPA.
The plaintiff filed a motion to strike the defendant's special defenses and counterclaims on the ground that the special defenses do not address the making, validity or enforcement of the note, and the counterclaims do not arise out of the same transaction that is the subject of the action.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of [the pleading] . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the [pleading]. The court must construe the facts in the [pleading] most favorably to the [nonmoving party]." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOCGroup. Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the [pleading]. . . ." S.M.S.Textile v. Brown, Jacobson, Tillinghast, Lahan and King, P.C.,
CT Page 227432 Conn. App. 786, 796, 631 A.2d 340 (1993). "If facts provable in the [pleading] would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systemsv. BOC Group, Inc., supra, 224 Conn. 215. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman,221 Conn. 465, 472-73, 604 A.2d 814 (1992).
The traditional defenses available in a foreclosure action are "payment, discharge, release, satisfaction or invalidity of a lien." See First Federal v. Kakaletris, 11 Conn. L. Rptr. 113
(February 23, 1994, Karazin, J.); Shawmut Bank v. Wolfley,9 CSCR 216 (January 24, 1994, Dean, J.); Citicorp Mortgage Inc. v.Kerzner, 8 Conn. L. Rptr. 229 (January 15, 1993, Curran, J.). In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. See Lawall Realty Inc. v. Auwood, Superior Court, judicial district of New London at New London, Docket No. 527050 (March 1, 1994, Leuba, J.); First Federal v. Kakaletris,
supra; National Mortgage Co. v. McMahon, 9 CSCR 300 (February 18, 1994, Celotto, J.); Shawmut Bank v. Wolfley, supra; CiticorpMortgage Inc. v. Kerzner, supra. Other defenses which have been recognized are usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration. SeeFleet Bank v. Barlas, 12 Conn. L. Rptr. 32 (June 29, 1994, Aurigemma, J.); Donza v. Depamphilis, 9 CSCR 472 (April 7, 1994, Aurigemma, J.); Connecticut National Bank v. Montanari, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 517808 (January 26, 1994, Aurigemma, J.).
While courts have recognized equitable defenses in foreclosure actions, they have generally only been considered proper when they "attack the making, validity or enforcement of the lien, rather than some act or procedure of the lienholder."Lawall Realty Ltd. v. Auwood, supra; National Mortgage Co. v.McMahon, supra, 9 CSCR 300. "The rationale behind this is that counterclaims and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure CT Page 2275 action and as such do not arise out of the same transaction as the foreclosure action." Lawall Realty, Ltd. v. Auwood, supra;National Mortgage Co. v. McMahon, supra, 9 CSCR 300-01. Moreover, courts have held that "defenses to foreclosure are recognized when they attack the note itself rather than some behavior of the mortgagor." Opticare Centers v. Aaron, Superior Court, judicial district of Waterbury, Docket No. 11149 (February 24, 1994, Sylvester, J.). Other courts have determined, however, that the equitable nature of foreclosure demands that the court consider all circumstances to ensure that complete justice is done between the parties. See Shawmut Bank v. Carriage Hill Estates Inc.,
Superior Court, judicial district of Waterbury, Docket No. 116593 (June 10, 1994, West, J.); Harborwalk v. Errato,11 Conn. L. Rptr. 534 (May 20, 1994, J. Walsh, J.); Chase Manhattan Bank v.Indian River Green, 8 Conn. L. Rptr. 165 (January 6, 1993, Rush, J.).
The defendant alleges in his first special defense that "[t]he plaintiff failed to take reasonable steps to mitigate damages in that they refused to accept past due payments and refused to offer or accept a reasonable schedule to bring the account current."
The court in Fleet Bank v. Barlas, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 518205 (June 29, 1994, Aurigemma, J.) stated that "[t]he conduct of a bank after the default in a mortgage note may result in a diminution in the interest a bank may recover. . . . However, the concept of mitigation of damages is inapplicable to a mortgage foreclosure action where the damages consist of a sum certain, the repayment of which has been agreed to by the defendant maker of a promissory note." Id.
The defendant's allegations are based upon the failure of the plaintiff to engage in restructuring discussions with the defendant, which does not address the making, validity or enforcement of the note. Therefore, the plaintiff's motion to strike the defendant's first special defense is granted.
The defendant alleges in his second, third and fourth special defenses that the plaintiff knew that the defendant relied on rental payments from tenants to meet his payments, and that employees or agents of the plaintiff made improper remarks to the tenants causing nonpayment of rent and destroying the defendant's means of payment. The defendant alleges that these actions CT Page 2276 constituted tortious interference, negligence and violation of the FDCPA.
No courts have recognized these special defenses in a foreclosure action, and, furthermore, they address actions of the plaintiff after default, and do not address the making, validity or enforcement of the note. Accordingly, the plaintiff's motion to strike the defendant's second, third and fourth special defenses is granted.
The defendant, in his fifth special defense, alleges discriminatory lending practices "in that the other debtors in a similar situation to defendant's have been afforded superior treatment in terms of collection efforts, attempts at compromise, payment schedules, and the initiation of the suit."
This defense has also not been recognized in foreclosure actions, and such allegations do not address the making, validity and enforcement of the note. The plaintiff's motion to strike the defendant's fifth special defense is granted.
The defendant alleges in his sixth special defense that the plaintiff has failed to comply with the conditions requiring notice and a waiting period prior to acceleration.
Failure to provide proper notice has been held to constitute a proper special defense in a foreclosure action because it is a defense based upon the note or mortgage deed itself. See First FederalBank of Connecticut v. Zavatsky, Superior Court, judicial district of Danbury, Docket No. 308950 (March 15, 1994, Moraghan, J.); CT Galaxy Properties v. Baillargeon, Superior Court, judicial district of Litchfield, Docket No. 063322 (July 11, 1994, Pickett, J.).
Therefore, the plaintiff's motion to strike the defendant's sixth special defense is denied.
The defendant's three count counterclaim alleging tortious interference, negligence, and violation of the FDCPA is based upon the same allegations as the defendant's second, third and fourth special defenses.
Practice Book § 116 provides in pertinent part that "[i]n any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff . . . provided that such CT Page 2277 counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint." "Although some foreclosure proceedings rely on the equitable nature of the proceeding as grounds for allowing counterclaims and defenses not recognized at common law . . . this trend must have a boundary. An analysis of those cases recognizing equitable defenses and counterclaims suggest that they are proper only when they, like their common law counterparts, attack the note itself, rather than some act or procedure of the mortgagor. . . . Courts have not been receptive to foreclosure defendants who have asserted defenses and counterclaims based on factors outside of the note or mortgage." (Citations omitted.) Shoreline Bank Trust Co. v. Leninski, 8 Conn. L. Rptr. 522, 524 (March 19, 1993, Celotto, J.).
The defendant's counterclaims are based upon actions of the plaintiff or its agents in attempting to collect on the debt. The counterclaims do not attack the note itself, but attack acts of the mortgagor. Accordingly, the plaintiff's motion to strike the defendant's counterclaim is granted.
In summary, the plaintiff's motion to strike is granted as to special defenses one through five, and the counterclaim, and is denied as to the sixth special defense.
D'ANDREA, J.