[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On November 2, 1993, the plaintiff, Teachers Insurance and Annuity Association of America, filed an amended complaint in foreclosure against the defendant, Broad and Hanrahan Limited Partnership. The plaintiff alleges that the defendant executed a mortgage note in consideration for a loan of $27,000,000 made to the defendant on December 30, 1985. The plaintiff also alleges that to secure the note the defendant executed a mortgage deed, an assignment of rents, and a UCC-I financing statement. The plaintiff further alleges that the defendant defaulted on the loan on January 1, 1993.
The defendant filed an amended answer, special defenses and counterclaim on January 21, 1994. The defendant alleges in the first and second special defenses that it is entitled to a set-off under General Statutes § 52-139, and under equity because of the actions of the plaintiff in enforcing"its contractual rights. In its third special defense the defendant alleges that the plaintiff failed to act in good faith by refusing to meet with the defendant to discuss the debt owed. In its fourth special defense the defendant alleges that the plaintiff's policy of not negotiating shows that the plaintiff has not acted in a commercially reasonable CT Page 6580 manner. In its fifth special defense the defendant alleges that the actions taken by the plaintiff to control the premises have not been in the best interests of the premises. In its sixth special defense the defendant alleges that the actions of the plaintiff violate CUTPA. In its seventh special defense the defendant alleges that the actions of the plaintiff in seeking the appointment of a receiver of rents demonstrates that the plaintiff has not acted in a commercial reasonable manner. In its counterclaim the defendant alleges a cause of action in reformation to change the non-recourse mortgage into a cash flow mortgage.
On December 23, 1993, the plaintiff filed a motion for summary judgment on the ground that there is no genuine issue of material fact that the defendant has defaulted, has not raised any viable defenses, and that the counterclaim does not arise out of the same transaction which is the subject of the complaint. The plaintiff filed a memorandum of law, an affidavit, and documentary evidence in support. The defendant filed a memorandum of law in opposition to summary judgment, an affidavit by the defendant's attorney,[1]
and deposition testimony, on January 21, 1994.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Barrett v. DanburyHospital, 232 Conn. 242, 250, 654 A.2d 748 (1995). "'In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts."' "Although the moving party has the burden of "presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Id. "It is not enough, however, for the opposing party merely to assert the existence of such an issue. Mere assertions of fact. . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Water and Way Properties v. Colt'sManufacturing Co., 230 Conn. 660, 665, 646 A.2d 143 (1994).
The traditional defenses available in a foreclosure action are "payment, discharge, release, satisfaction or invalidity of a lien." See First Federal v. Kakaletris, 11 Conn. L. Rptr. 113
CT Page 6581 (February 23, 1994, Karazin, J.); Shawmut Bank v. Wolfley,9 CSCR 216 (January 24, 1994, Dean, J.); Citicorp Mortgage, Inc. v.Kerzner, 8 Conn. L. Rptr. 229 (January 15, 1993, Curran, J.). However, "[b]ecause a mortgage foreclosure action is an equitable proceeding, the trial court may consider all relevant circumstances to ensure that complete justice is done." Reynolds v. Ramos,188 Conn. 316, 320, 449 A.2d 182 (1982). Accordingly, courts have permitted defendants to raise certain equitable defenses such as mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure, refusal to agree to a favorable sale to a third party, usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration. See Fleet Bank v. Barlas, 12 Conn. L. Rptr. 32 (June 29, 1994, Aurigemma, J.); Donza v. Depamphilis, 9 CSCR 472 (April 7, 1994, Aurigemma, J.); Lawall Realty, Ltd. v. Auwood, Superior Court, Judicial District of New London at New London, Docket No. 527050 (March 1, 1994, Leuba, J.); First Federal v. Kakaletris, supra;National Mortgage Co. v. McMahon, 9 CSCR 300 (February 18, 1994, Celotto, J.); Connecticut National Bank v. Montanari, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 517808 (January 26, 1994, Aurigemma, J.); Shawmut Bankv. Wolfley, supra; Citicorp Mortgage, Inc. v. Kerzner, supra.
Although equitable special defenses are permitted, they are limited to those which "attack the making, validity or enforcement of the lien, rather than some act or procedure of the lienholder."Lawall Realty, Ltd. v. Auwood, supra; National Mortgage Co. v.McMahon, supra, 9 CSCR 300. "The rationale behind this is that counterclaims and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." Lawall Realty, Ltd. v. Auwood, supra;National Mortgage Co. v. McMahon, supra; 9 CSCR 300-01. Moreover, courts have held that "defenses to foreclosure are recognized when they attack the note itself rather than some behavior of the mortgagor." Opticare Centers v. Aaron, Superior Court, Judicial District of Waterbury, Docket No. 111491 (February 24, 1994, Sylvester, J.).
In the present case, the first two special defenses raised by the defendant do not challenge the note or mortgage but rather claim a set-off should liability be determined in the plaintiff's favor. The first two special defenses need not be addressed as CT Page 6582 they do not affect liability.
In regard to the third special defense, the defendant alleges that the plaintiffs did not act in good faith by setting unreasonable terms and conditions as a precondition to discussing the debt owed. These allegations do not address the making, validity or enforcement of the note, nor do the allegations set forth a duty on the part of the plaintiff to negotiate the debt and therefore, these special defenses are legally insufficient. SeeBank of Boston Connecticut v. Calabrese, Superior Court, Judicial District of Waterbury, Docket No. 118377 (July 11, 1994, Sylvester, J.).
The fourth and seventh special defenses allege that the plaintiff has not acted in a commercially reasonable manner by failing to negotiate and by seeking the appointment of a receiver of rents. The court in Citicorp Mortgage Inc. v. Lutschaunig,
superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 295534 (August 12, 1993, Leheny, J.), recognized a special defense of commercial unreasonableness, however, the court also recognized that when the actions supporting the defense occurred subsequent to the default, the defense only applies to damages. The allegations of the defendant as to the "commercially unreasonable" actions of the plaintiff do not address the making, validity or enforcement of the note or mortgage, but rather address default actions of the plaintiff. The defendants fourth and seventh special defenses do not implicate liability on the note or mortgage.
In the fifth special defense the defendant alleges that the actions of the plaintiff's property manager in operating and controlling the premises have not been in the best interests of the premises. This is not a recognizable defense in a foreclosure action. Moreover, the facts alleged in the defense do not address the making, validity or enforcement of the note or mortgage. The fifth special defense is legally insufficient.
In the Sixth special defense the defendant alleges a breach of CUTPA by the plaintiff. although [Although] special defenses based on CUTPA have been recognized in foreclosure actions, the defendant has alleged no facts supporting an equitable defense in CUTPA. The defendant's sixth special defense based upon CUTPA is legally insufficient.
In its counterclaim, the defendant seeks reformation of the CT Page 6583 mortgage.
"Reformation is appropriate in cases of mutual mistake — that is where, in reducing to writing an agreement made or transaction entered into as intended by the parties thereto, through mistake, common to both parties, the written instrument fails to express the real agreement or transaction. . . . [R]eformation is also available in equity when the instrument does not express the true intent of the parties owing to mistake of one party coupled with fraud, actual or constructive, or inequitable conduct on the part of the other." (Citations omitted.) Harlach v. MetropolitanProperty Liability Insurance, 221 Conn. 185, 190-91,602 A.2d 1007 (1992).
The defendant has not alleged any mistake, unilateral or otherwise, in its counterclaim. While the defendant's allegations may be sufficient to show inequitable conduct, that conduct must be coupled with a mistake by the defendant. The defendant's counterclaim does not sufficiently state a cause of action in reformation.
The plaintiff has submitted evidence of the note and mortgage, and an affidavit that the note is in default. Furthermore, the defendant admits in its answer that the loan, is in default. The defendant's special defenses and counterclaim are either inapplicable to the issue of liability, or are legally insufficient. The defendant also argues in its memorandum in opposition that the motion for summary judgment is not ripe because the defendant filed its amended answer and special defenses simultaneously with its memorandum in opposition. A motion for summary judgment may be filed at any time. Practice Book § 379. Filing an amended pleading does not relieve the party opposing summary judgment of the obligation to submit evidence sufficient to demonstrate the existence of a genuine issue of material fact. SeeHaesche v. Kissner, supra, 229 Conn. 217. The defendant has failed to submit such evidence. The plaintiff's motion for summary judgment is granted as to liability.
HICKEY, J.