[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION 
The Plaintiff, The Dime Savings Bank of New York, FSB, seeks to foreclose on real property in Central Village, Connecticut, of which the Defendants, Carl A. and Catherine L. Jackson, are the record owners and are in possession. In its complaint, dated January 9, 1995, the Plaintiff alleges that the Defendants executed a promissory note dated March 8, 1989, in favor of the Plaintiff. The Plaintiff further alleges that the note is secured by a mortgage on the Central Village property, pursuant to a deed executed by the Jacksons on the same date. The Plaintiff alleges that the Defendants have been in default since August 1, 1994, and seeks strict foreclosure, monetary damages, possession of the CT Page 10228 mortgaged premises, appointment of a receiver of rents, a deficiency judgment, attorney's fees and costs of collection.
The Defendants, Carl A. and Catherine L. Jackson, appeared through counsel on February 21, 1995, and filed a Disclosure of Defense with the court on March 21, 1995. On March 30, 1995, the same Defendants filed their Answer and Special Defenses, in which they assert the following: (1) that during the Defendants' attempts to "obtain relief as to their mortgage payments and for restructuring their mortgage obligation . . .", the Plaintiff made false and misleading representations to the Defendants regarding the mortgage relief and that the Defendants were mislead, (2) that Plaintiff "neglected and refused" to discuss any issues of the case with Defendant's counsel and, therefore, violated the Federal Fair Debt Collection Practices Act and the Connecticut General Statutes, and (3) that the Plaintiff's acts, as alleged in the first and second special defenses, violate the Plaintiff's "obligation to act in good faith as required by statute."
The Plaintiff filed the present Motion to Strike the Defendants' First, Second and Third Special Defenses on June 15, 1995, claiming essentially that the Special Defenses: (1) fail to comply with the requirements of Practice Book § 164, (2) are not valid defenses in a foreclosure action, and (3) do not attack the making, enforcement or validity of the note and mortgage and are, therefore, insufficient as a matter of law.
Pursuant to Practice Book § 152, "[w]henever any party wishes to contest . . . (5) the legal sufficiency of any answer to any complaint, counterclaim or cross-complaint, or any part of that answer including any special defense contained therein . . .", that party may do so by filing a motion to strike the contested pleading. In ruling on a motion to strike, the court is "limited to the facts alleged in the complaint", Gordon v. BridgeportHousing Authority, 208 Conn. 161, 170 (1988), and must "construe the facts in the complaint most favorably to the pleader." ShawmutBank v. Wolfley, 9 CSCR 216 (1994). "`The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them and if facts provable under the allegations would support a defense or cause of action, the motion to strike must fail. (Citation omitted.)'" Id. (quotingAlarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,545 (1980)).
"The purpose of a special defense is to plead facts which are CT Page 10229 consistent with the allegations of the complaint but show, notwithstanding, that the plaintiff has no cause of action."Commissioner of Environmental Protection v. National CanCorporation, 5 CSCR 173 (1990). While defenses in a foreclosure action are generally limited to payment, discharge, release, satisfaction or invalidity of a lien, Shawmut Bank v. Wolfley,
9 CSCR at 217 (citing Hans L. Levi, Inc. v. Kovacs,5 Conn. L. Rptr. 260, 261 (November 4, 1991, Pickett, J.), our courts have "recognized `various equitable defenses such as mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party. . . .'" Id. (quoting Town of Stratford v. Siciliano, 8 CTLR 507 (August 6, 1993, Leheny, J.). However, the court may recognize only those equitable defenses which "attack the making, enforcement, or validity of a note or mortgage. . . ." Id.
(citations omitted).
The first special defense alleges that the Defendants were mislead by false representations made by the Plaintiff in connection with their attempt to obtain relief from their mortgage payments through restructuring their mortgage obligation. The first special defense appears to assert the equitable defense of fraudulent misrepresentation, but does not properly allege the necessary elements of the claim. See Dorsey v. Mancuso, 23 Conn. App. 629,633 (1990). In addition, the special defense, even if properly alleged "does not address the making, enforcement, or validity of the note and mortgage upon which the Plaintiff is seeking foreclosure." Shawmut Bank v. Wolfley, 9 CSCR at 217. Accordingly, the motion to strike the first special defense is granted.
The second special defense alleges that the Plaintiff's acts, in refusing to discuss any issues of this case with Defendants' counsel, violated the Federal Fair Debt Collection Practices Act. The Plaintiff argues that the second special defense fails to comply with Practice Book § 164, in that the facts it alleges are inconsistent with the facts alleged in Plaintiff's complaint. The second special defense must fail because it does not address the making, enforcement or validity of the note and mortgage, but rather alleges facts which took place after the commencement of the present action. Accordingly, the motion to strike the second special defense is granted.
The Defendants' third special defense asserts the equitable CT Page 10230 defense of the Plaintiff's failure to act in good faith, based on the actions alleged in the first and second special defenses. Although "the duty of good faith and fair dealing is present in every contract", Donza v. Depamphilis, 9 CSCR 472-73 (April 7, 1994), the Defendants do not allege that the Plaintiffs breached such a duty arising out of the promissory note. Our Supreme Court has noted that the implied covenant of good faith and fair dealing is a "rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended. The principle, therefore, cannot be applied to achieve a result contrary to the clearly expressed terms of a contract, unless, possibly, those terms are contrary to public policy."Magnan v. Anaconda Industries, Inc., 193 Conn. 558, 567 (1984). The Defendants do not allege any expectation that negotiations would precede a foreclosure action. Further, the third special defense does not attack the making, enforcement, or validity of the note or mortgage. Accordingly, the motion to strike the third special defense is granted.
Foley, J.