[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE
I. CT Page 10973
The Plaintiff, John E. French, filed the instant legal malpractice action against the Defendant, William Domnarski, on May 24, 1994. The Defendant's Motion to Strike the plaintiff's entire complaint, dated June 14, 1994, was denied by this court (Rittenband, J.) on July 5, 1994, as the Plaintiff had since filed an Amended Complaint dated June 30, 1994.
In his Amended Complaint, the Plaintiff alleges the following facts. Plaintiff hired the Defendant to represent him in a dissolution of marriage action. A judgment of dissolution was entered on or about May 9, 1991, the terms of which were stipulated to by the parties. Pursuant to the judgment, the Defendant John French was obligated to pay alimony to the plaintiff Dawn P. French in the amount of $300.00 per week until his youngest child reached the age of 18. Said alimony payment was to be non-modifiable as to term and amount, except that upon the remarriage of his former spouse, the Plaintiff's payment would be reduced to $100.00 per week. Under the terms of the judgment, the Plaintiff quit-claimed his interest in the marital home to Dawn French, but assumed payment of the first and second mortgages on the home.
The Plaintiff alleges that in reliance on the Defendant's representations that the alimony payments were tax deductible, he entered into the agreement and stipulated to the judgment of dissolution. The Plaintiff further alleges that the payments of. alimony, as well as the payments on the first and second mortgages are not tax deductible. Plaintiff claims he has been injured by the Defendant's negligence in failing to properly describe the payment of alimony so that it would not constitute veiled child support and in failing to properly describe the mortgage payments so that they would be tax deductible.
On July 19, 1994, the Defendant filed a Motion to Strike the Plaintiff's Amended Complaint in its entirety on the grounds that it failed to state a cause of action. This motion was denied by the court (Rittenband, J.) who held that the complaint does state a valid cause of action. The court subsequently denied the Defendant's Motion for Reconsideration with prejudice, and reiterated its August 18, 1994 decision, and again denied the Motion to Strike with prejudice.
The Defendant then filed his Answer and Special Defenses dated October 24, 1994. Plaintiff's Motion to Strike six of the Defendant's seven special defenses was granted by the court on December 23, 1994. As a result, the Defendant filed with the Court CT Page 10974 a document entitled "Defendant's Allegations and Special Defenses" dated January 5, 1995, in which the Defendant asserts six special defenses.
Procedurally, the court sustained the Plaintiff's objection to Defendant's Motion for Summary Judgment (dated February 24, 1995) on March 20, 1995. On May 22, 1995, the Court granted the Plaintiff's Motion to Strike the case from the trial list, on the grounds the filing of the claim was premature, as the Plaintiff had yet to reply to the Defendant's special defenses of January 5, 1995.
The Plaintiff now moves to strike the Defendant's third, fifth and sixth special defenses on the grounds that all three are legally insufficient. The Defendant maintains that the facts he has pled are sufficient to support each of these special defenses.
 II.
Pursuant to Practice Book § 152, "[w]henever any party wishes to contest . . . (5) the legal sufficiency of any answer to any complaint, counterclaim or cross-complaint, or any part of that answer including any special defense contained therein . . .", that party may do so by filing a motion to strike the contested pleading. In ruling on a motion to strike, the court is "limited, to the facts alleged in the complaint", Gordon v. BridgeportHousing Authority, 208 Conn. 161, 170 (1988), and must "construe the facts in the complaint most favorably to the pleader." ShawmutBank v. Wolfley, 9 CSCR 216 (1994). "`The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them and if facts provable under the allegations would support a defense or cause of action, the motion to strike must fail. (Citation omitted.)'" Id. (quotingAlarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,545 (1980)).
Practice Book § 164 provides: "[t]he purpose of a special defense is to plead facts which are consistent with the allegations of the complaint but show, notwithstanding, that the plaintiff has no cause of action." Commissioner of Environmental Protection v.National Can Corporation, 5 CSCR 173 (1990) (See also P.B. § 164). "The legal conclusions or opinions stated in a special defense are not deemed admitted, but rather must flow from the subordinate facts provided." BMI Industries, Inc. v. People's Bank, et al, 15 CLT 13 (January 24, 1989) (citations omitted). CT Page 10975
The Defendant's third special defense asserts the defense of failure to seek an alternative remedy. The facts alleged by the defendant in support of this defense, however, are inconsistent' with the facts alleged in the Plaintiff's Amended Complaint. Further, the special defense "provide[s] no allegations as to [the] essential elements . . ." of the Plaintiff's claim, and therefore, is technically defective. County Federal Savings Loan Assn. v.Eastern Associates, 3 Conn. App. 582, 586 (1985). Accordingly, the Plaintiff's motion to strike the third special defense is GRANTED.
The Defendant's fifth special defense is similarly defective. The fifth special defense asserts a statute of limitations defense, but provides no subordinate facts from which this legal conclusion can flow. Id. Rather than addressing the essential elements of the Plaintiff's claim, the facts the defendant relies upon appear to be those which he hopes to prove at trial. Accordingly, the Plaintiff's motion to strike the fifth special defense is GRANTED.
In his sixth special defense, the Defendant asserts the defense of "Immunity Based on Attorney's Exercise of Judgment of Debatable or Unsettled Point of Law." This defense is technically defective in that the Defendant has not alleged any facts to support the legal opinion asserted. It does not flow naturally, from the facts alleged by the Defendant, that the area of law at issue was debatable or unsettled. Accordingly, the Plaintiff's Motion to Strike the sixth special defense is GRANTED.
Foley, J.