[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#114)
FACTS
CT Page 9982
The plaintiff, Centerbank, commenced this foreclosure action by service of a writ of summons and complaint on the defendants Francis Purcell, Judith Purcell and New Milford Bank Trust on May 20, 1996, as evidenced by the return of service contained in the court file. A copy of the mortgage was attached to the complaint as Exhibit A and a copy of the mortgage deed was attached as Exhibit B. On July 12, 1996, the plaintiff filed a revised complaint dated July 10, 1996. The revision expanded on paragraph 10 of the complaint but that change is not relevant to the motion currently before the court.
The complaint alleges that the defendants, Francis Purcell and Judith Purcell, entered into a mortgage agreement with Centerbank on December 27, 1988. The principal amount of the mortgage was $215,000. The installment of principal and interest due on the note on January 1, 1996 has not been paid and no subsequent payments were made as of the date of filing the complaint. The defendants, Francis Purcell and Judith Purcell, filed an answer and special defense on August 29, 1996. The special defense provides: "The plaintiff has violated the covenants of good faith and fair dealing in purporting to negotiate with the Defendants a reinstatement of their mortgage, but in fact, proceeding to foreclose the property after receiving all financials requested from Defendants without any reply."
On September 4, 1996, the plaintiff, Centerbank, moved to strike the defendants' special defense. The plaintiff argues that the special defense is legally insufficient because (1) it fails to plead sufficient facts to support a claim of breach of the covenant of good faith and fair dealing; (2) even if the defendants pled sufficient facts to support such a claim, the special defense is legally insufficient in that it does not attack the making, validity, or enforcement of the note and mortgage; (3) the special defense attacks the business judgment of the Plaintiff; and (4) the special defense does not in any way defeat the Plaintiff's cause of action.[1]
As required by practice book § 155, the plaintiff has filed a memorandum in support of its motion to strike, and the defendant has timely filed a memorandum in opposition.
"Whenever any party wishes to contest . . . the legal sufficiency of any answer to any complaint, counterclaim or cross-complaint, or any part of that answer including any special CT Page 9983 defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152(5). "[A] plaintiff can demur [move to strike] to a special defense or counterclaim." Nowak v. Nowak,175 Conn. 112, 116, 394 A.2d 716 (1978).
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . ." (Citations omitted; internal quotation marks omitted.) Novametrix Medical Systems v.BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated in the complaint. . . ." (Citations omitted.) S.M.S. Textile v. Brown, Jacobson,Tillinghast, Lahan and King, P.C., 32 Conn. App. 786, 796,631 A.2d 340, cert. denied, 228 Conn. 903, 634 A.2d 296 (1993). "If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied. . . ." (Citations omitted.) RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384, 650 A.2d 153 (1994). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged. . . ." (Citations omitted.) Novametrix Medical Systems v. BOC Group, Inc., supra,224 Conn. 215.
"The legal sufficiency of a special defense may be determined by reference to Practice Book § 164. A special defense alleges facts which are consistent with the plaintiff's allegations but which `show, notwithstanding, that he has no cause of action. . . .'" Sterling v. Vesper Corporation dba PencoProducts, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 060771 (August 30, 1993, Pickett, J.,10 Conn. L. Rptr. 58), quoting Practice Book § 164. In Grant v.Bassman, 221 Conn. 465, 472-73, 604 A.2d 804 (1992), the court stated that "[t]he purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but which demonstrate, nonetheless, that the plaintiff has no cause of action." Id.
The defenses available in a foreclosure action are "payment, discharge, release, satisfaction or invalidity of a lien." HansCT Page 9984L. Levi, Inc. v. Kovacs, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 056101 (November 4, 1991, Pickett, J., 5 Conn. L. Rptr. 260, 261); First Federal v.Kakaletris, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 130826 (February 23, 1994, Karazin, J.,11 Conn. L. Rptr. 113,); Shawmut Bank v. Wolfley, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No., 130109 (January 24, 1994, Dean, J., 9 CSCR 216); CiticorpMortgage, Inc. v. Kerzner, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 036379 (January 15, 1993, Curran, J., 8 Conn. L. Rptr. 229). In some cases however, "[b]ecause a mortgage foreclosure action is an equitable proceeding, the trial court may consider all relevant circumstances to ensure that complete justice is done." Reynoldsv. Ramos, 188 Conn. 316, 320, 449 A.2d 182 (1982). Accordingly, courts have permitted defendants to raise certain equitable defenses such as mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure, refusal to agree to a favorable sale to a third party, usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration. See Fleet Bank v. Barlas,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 518205 (June 29, 1994, Aurigemma, J.,12 Conn. L. Rptr. 32); Donza v. Depamphilis, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 517276 (April 7, 1994, Aurigemma, J., 9 CSCR 472); First Federalv. Kakaletris, supra, 11 Conn. L. Rptr. 113; National-MortgageCo. v. McMahon, Superior Court, judicial district of New Haven at New Haven, Docket No. 349246 (February 18, 1994, Celotto, J.,9 CSCR 300); Shawmut Bank v. Wolfley, supra, 9 CSCR 216; CiticorpMortgage, Inc. v. Kerzner, supra, 8 Conn. L. Rptr. 229.
Equitable special defenses are permitted, but they are limited to those which "attack the making, validity or enforcement of the lien, rather than some act or procedure of the lienholder." National Mortgage Co. v. McMahon, supra, 9 CSCR 300. "The rationale behind this is that counterclaims and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." Id. 300-01.
The defendants allege that the plaintiff breached its duty to CT Page 9985 act in good faith and fair dealing "in purporting to negotiate with the Defendants a reinstatement of their mortgage, but in fact, proceeding to foreclose the property after receiving all financials requested from Defendants without any reply." (Special Defense.) The defendants argue that they are attacking the deceptive acts of the plaintiff in that the plaintiff allegedly led the defendants "to believe there would be negotiations as a Trojan horse for the Plaintiff then to come into court and obtain a foreclosure on the property." (Defendants' Memorandum in Opposition to Motion to Strike p. 3.)
"The concept of good faith and fair dealing is `[e]ssentially . . . a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended. The principle, therefore, cannot be applied to achieve a result contrary to the clearly expressed terms of the contract, unless, possibly, those terms are contrary to public policy.'" Connecticut National Bank v. Montanari, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 517808 (January 26, 1994, Aurigemma, 9 CSCR 196, 197), quoting Magnan v. Anaconda Industries, 193 Conn. 558, 567,579 A.2d 781 (1984). The loan documents were attached to the complaint and served on the defendants. The loan documents do not contain any provision or clause allowing restructure in the event of a default. Failure to restructure the terms of the lien after default does not constitute a breach of the covenant of good faith and fair dealing because the loan documents do not contain any agreement to restructure in the event of a default. SeeConnecticut National Bank v. Montanari, supra, 9 CSCR 197. The defendants argue that the special defense asserts a violation of public policy in that the plaintiff intended to deceive the defendants when the plaintiff allegedly agreed to consider renegotiating their loan. For the reasons already stated, the court finds this argument to be without merit because there is nothing in the loan documents that provides for restructure in the event of default. More importantly, the special defense fails to allege a public policy violation and, in fact, is completely devoid of factual allegations to support the claim of breach of the implied covenant of good faith and fair dealing.
Additionally, as stated above, equitable special defenses are permitted, but they are limited to those which "attack the making, validity or enforcement of the lien, rather than some act or procedure of the lienholder." National Mortgage Co. v.McMahon, supra, 9 CSCR 300. "The rationale behind this is that CT Page 9986 counterclaims and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." Id. 300-01. The factual allegations of the special defense do not address the making, validity or enforcement of the note.
For the foregoing reasons, the motion to strike is granted.
PICKETT, J.