[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO STRIKE
The plaintiff has alleged that on January 20, 1999, it loaned money to the defendant, who mortgaged certain premises to secure the note. The plaintiff alleges that the defendant is in default and seeks to foreclose the mortgage and gain possession of the premises. The defendant has included five special defenses in his answer. The plaintiff now moves to strike all of the special defenses.
The defenses each allege functionally the same factual scenario. It is alleged that on January 9, 1999, a refinance closing occurred between the plaintiff and the defendant. The CT Page 2997 plaintiff was represented by one Brian T. Scott, acting as attorney and/or agent for the plaintiff The documents signed at that closing included a mortgage deed securing a promissory note in the amount of $81,500.00; both Weiss and Scott signed that document. Prior to that closing, the defendant had been told by Scott and other agents or employees of the plaintiff that the amount of $81,500 would be sufficient to release all encumbrances, and Weiss would have some funds left over from the closing. Relying on these representations, Weiss stopped looking elsewhere for refinance funding and agreed to refinance with the plaintiff. One of the purported witnesses to the mortgage deed was a fictitious witness; Scott actually signed a fictitious witness' name.
Each of the special defenses goes on to allege that the day after the first closing, the plaintiff informed the defendant that the sum of $81,500 would not in fact be sufficient to release all the prior encumbrances and cover closing costs, so the plaintiff would not deliver the funds. The defendant at this point contacted the Connecticut Banking Commissioner. On January 13, 1999, the plaintiff informed the defendant that another closing could be held, but it would be "on their terms and conditions" and would be in the amount of $89,500.00.
On January 20, 1999, the second closing was held. Only Scott and Weiss were present. The defendant executed the documents because he feared his house would otherwise be lost to foreclosure: the defendant needed the money to pay debts and, as alleged above, he had stopped investigating other sources. The closing documents included several different HUD-1 settlement statements. A mortgage deed, securing a note in the amount of $89,500, was executed by Weiss and Scott; again, Scott signed the name of a fictitious witness on the deed. This mortgage was recorded on the Enfield land records. The defenses allege that the mortgage deeds violate § 47-5 of the General Statutes.
Each of the special defenses repeats this scenario. The first special defense concludes that the mortgage deeds were forged and altered after execution by the defendant, and thus are null, void and voidable. The second special defense alleges that the deeds were signed under duress and therefore void or voidable. The third defense alleges that the plaintiff is estopped from enforcing the lien. The fourth alleges that the plaintiff breached the covenant of good faith and fair dealing. The final special defense alleges that the plaintiff violated § 42-110b
CT Page 2998 of the General Statutes, a portion of the Connecticut Unfair Trade Practices Act (CUTPA).
The plaintiff has moved to strike each of the defenses on the ground that each fails to state a ground on which relief may be granted. "The purpose of a motion to strike is to contest.. the legal sufficiency of the allegations of [the pleadings] . . . to state a claim on which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the [pleading]. The court must construe the facts in the [pleading] most favorably to the [non-moving party]." NovametrixMedical Systems v. BOC Group, Inc., 224 Conn. 210, 214-15 (1992). "This includes the facts necessarily implied and fairly provable under the allegations.... It does not include, however, the legal conclusions or opinions stated in the [pleading]." S.M.S. Textilev. Brown, Jacobson, Tillinghast, Lahan and King., P.C.,32 Conn. App. 786, 796 (1993). "If facts provable in the [pleading] would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix, supra, at 215. "The purpose of a special defense is to plead facts that are consistent with the allegations of a complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman,221 Conn. 465, 472-73 (1992). Provident Financial Service v. Berkman, 1995 WL. 80103, (D'Andrea, J. 1995).
 The traditional defenses available in a foreclosure action are "payment, discharge, release, satisfaction or invalidity of a lien." See First Federal v. Kakaletris, 11 Conn. L. Rptr. 113 (February 23, 1994, Karazin, J.); Shawmut Bank v. Wolfley, 9 CSCR 216 (January 24, 1994, Dean, J.); Citicorp Mortgage, Inc. v. Kerzner, 8 Conn. L. Rptr. 229
(January 15, 1993, Curran, J.). In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. See Lawall Realty, Inc. v. Auwood, Superior Court, Judicial District of New London at New London, Docket No. 527050 (March 1, 1994, Leuba, J.); First Federal v. Kakaletris, supra; National Mortgage Co. v. McMahon, 9 CSCR 300
(February 18, 1994, Celotto, J.); Shawmut Bank v. Wolfley, supra; Shawmut Bank v. Wolfley, supra; CiticorpCT Page 2999 Mortgage, Inc. v. Kerzner, supra. Other defenses which have been recognized are usury, unconscionability of interest rate, duress, coercion, material altreration, and lack of consideration. See Fleet Bank v. Barlas, 12 Conn. L. Rptr. 32 (June 29, 1994, Aurigemma, J.); Donza v. Depamphilis, 9 CSCR 472
(April 7, 1994); Connecticut National Bank v. Montanari, Superior Court, Judicial District of Hartford/New Britain at Hartford, docket number 517808 (January 26, 1994, Aurigemma, J.).
 While courts have recognized equitable defenses in foreclosure actions, they have generally only been considered proper when they "attack the making, validity or enforcement of the lien, rather than some act or procedure of the lienholder." Lawall Realty, Ltd. v. Auwood, supra; National Mortgage Co. v. McMahon, supra. "The rationale behind this is that counterclaims and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action. Lawall Realty, Ltd. v. Auwood, supra; Nationbal Mortgage Co. v. McMahon, supra, 9 CSCR 300-01. Moreover, courts have held that "defenses to foreclosure are recognized when they attack the note itself rather than some behavior of the mortgagor." Opticare Centers v. Aaron, Superior Court, judicial district of Waterbury, Docket No. 111491 (February 24, 1994, Sylvester, J.). Other courts have determined, however, that the court consider all circumstances to ensure that complete justice is done between the parties. See Shawmut Bank v. Carriage Hill Estates. Inc., Superior Court, judicial district of Waterbury, Docket No. 116593 (June 10, 1994, West, J.); Harborwalk v. Errato, 11 Conn. L. Rptr. 534 (May 20, 1994, J. Walsh, J.); Chase Manhattan Bank v. Indian River Green, 8 Conn. L. Rptr. 165 (January 6, 1993, Rush, J.).
 Provident Financial Service, Inc. v. Berkman, supra, 80103-04.
The plaintiff has moved to strike each of the special defenses alleged by the defendant, as noted above. The first special defense, after reciting the facts referred to above, concludes that the mortgage deed is "void or voidable" and thus unenforceable. The plaintiff claims that, partly because the lack of a proper witness is a defect which may be cured by Validating Acts,[1] the agreements are, even if defective in some respects, still enforceable between the parties. The defendant CT Page 3000 claims that because he has alleged facts on which it could be found that the signature was forged, the document is a nullity and the defense states a cause of action on which relief can be granted.
As a general proposition, a forged document is a nullity. Smithv. Smith, 183 Conn. 121, 122 (1981). In Connecticut National Bankv. Lorenzato, 221 Conn. 77, 82 (1992), relied upon by the plaintiff, the Supreme Court drew a distinction between documents which were imperfectly executed and those that were imperfectly recorded: the latter could, at least in some circumstances, be enforced between the parties to the agreement, while an imperfectly executed document was a nullity. While there may be some circumstances in which equity will enforce agreements expressed in defective documents; see Boudreau v. Wozniak, No. CV 89 0100325, Judicial District of Stamford (Lewis, J., 1990); FDICv. Cutler, 1997 WL 30262 (Wagner, J., 1997; these circumstances should be determined by the trier. Because the complaint may be construed to allege, essentially, a forgery[2], a cause of action is stated and the motion to strike is denied as to the first count.
The second special defense claims that the defendant signed the second set of mortgage documents under duress. It is true, as the plaintiff claims,[3] that a defense of duress must allege facts from which it could be concluded that the party was not exercising a free will when entering into the agreement, and that some sort of wrongful conduct on the part of the plaintiff is an essential element of the defense. See Second New Haven Bank v.Quinn, 1 Conn. App. 78, 81-82 (1983). The defendant has alleged a course of conduct, including alleged misrepresentations which induced the defendant to enter into the first agreement and a retraction of that agreement, which a trier may find to be wrongful. It is a question of fact as to whether the plaintiffs conduct caused the defendant to believe that he had no real alternative but to sign the documents at the second closing. SeeJenks v. Jenks, 232 Conn. 750, 754-55 (1995).[4] The motion to strike is denied as to the second special defense.
The third special defenses realleges the same scenario and claims estoppel. In his briefs, the defendant specifically relies on promissory estoppel, as opposed to equitable estoppel.[5] In any event, the elements of estoppel are that one party has made a promise or a misrepresentation on which the other could reasonably rely, and the second party has relied on the promise CT Page 3001 to its detriment. See, e.g., Connecticut National Bank v. Voog,233 Conn. 352, 366 (1995); 829 F.2d 311 (2d Cir. 1987). Paragraphs seven and eight of the third count allege representations and reliance on the representations. The motion to strike is denied as to the third count.
The fourth count again reiterates the defendant's factual allegations and asserts that the plaintiff violated the covenant of good faith and fair dealing. The plaintiff argues that this defense is not available as a matter of principle in foreclosure actions, and further that facts have not been alleged to support the defense. For the proposition that the defense of good faith and fair dealing is not appropriate in a foreclosure action, the plaintiff refers to Southbridge Associates v. Garofalo,53 Conn. App. 11 (1999). My reading of Garofalo is somewhat different: I do not believe that the defense was held to be unavailable as a matter of law, but only that, on the facts of that case, the conduct which was alleged to be in violation of the covenant was actually consistent with the agreement of the parties, and that summary judgment was, therefore, properly granted. The Appellate Court held, at 16-17, that there was an implied covenant of good faith and fair dealing implicit in the contract that anticipated a faithfulness to the agreed upon purpose, and that the implied covenant was a rule of construction designed to fulfill the rightful expectations of the parties. Many of the cases cited by the plaintiff recognize, that in the appropriate factual setting, the defense is available in foreclosure actions. See, e.g.,Provident Financial Service, Inc. v. Berkman, supra. The defense was expressly allowed in Bank of Boston Connecticut v. Calabrese, 1994 WL 380428 (Sylvester, J., 1994).
Even if the defense is proper in the abstract, it still must be directed to the making, validity or enforcement of the note or lien and must be supported by sufficient factual allegations if it is to survive a motion to strike. See Garofalo, supra; see also Bank of Boston Connecticut v. Calabrese, supra; FirstFederal Bank v. Zavatsky, 1993 WL 394366 (Moraghan, J., 1993). Most cases that address the issue have decided, for example, that the failure to negotiate after a default is not cognizable as a breach of the covenant of good faith and fair dealing, because it does not address the making, validity and enforcement of the note and mortgage. See, e.g., Berkman, supra.
If the defense is construed in a manner most favorable to the non-movant, it may be read to allege that the plaintiff CT Page 3002 negotiated one arrangement and, as a result, the defendant abandoned all other means of refinancing. Immediately after the first closing, the plaintiff repudiated the agreement, giving the defendant no reasonable option but to agree to the terms of the second agreement. As pleaded, this defense may be considered by the trier and the motion is denied as to the fourth count.
Finally, the plaintiff argues that the fifth count, which asserts a violation of CUTPA, should be stricken. A number of cases have included CUTPA claims in listings of those defenses which are allowed in foreclosure actions. See, e.g., Calabrese, supra; Kerzner, supra. Our Supreme Court has endorsed CUTPA as a special defense in Cheshire Mortgage Service, Inc. v. Montes,223 Conn. 80 (1992). The defendant has alleged that the plaintiff is relying, in part, on a forged document and that deceptive assurances were made to him, inducing him to enter into the transactions. Although I of course do not know how these allegations would be resolved by the trier, I cannot say, construing the pleadings most favorably to the defendant, that no ground has been stated on which relief may be granted.
The motion to strike is, then, denied in its entirety.
Beach, J.